13-1544-cv
*Optical Communications Group, Inc. v. M/V Ambassador et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand fourteen.

PRESENT: AMALYA L. KEARSE,
RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

---

OPTICAL COMMUNICATIONS GROUP, INC.,

*Plaintiff-Appellant,*

-v.-                                    No. 13-1544-cv

M/V AMBASSADOR, its engines, boilers, furniture, tackle, apparel, etc., *in rem*,

MARBULK CANADA, INC., *in personam*,

Defendants-Appellees.[*]

FOR APPELLANT: VICTOR A. WORMS, Law Offices of Victor A. Worms, P.C., New York, NY.

FOR APPELLEES: RICHARD V. SINGLETON, Blank Rome LLP, New York, NY (Alan M. Weigel, *on the brief*).

Appeal from the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

Optical Communications Group, Inc. ("OCG") appeals from a March 29, 2013 judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*) granting summary judgment in favor of defendants. We assume the parties' familiarity with the underlying facts, procedural history, and issues for review.

OCG first argues that the district court improperly based its summary judgment ruling on unauthenticated and inadmissible evidence. Specifically, OCG challenges the admissibility of data from the M/V Ambassador's Simplified Vessel Data Radar ("SVDR"), which the parties describe as the maritime

[*] The Clerk of the Court is directed to amend the caption as listed above.

equivalent of an airplane's "black box." OCG failed to challenge the SVDR data's admissibility and authenticity below; thus, its present challenge is unpreserved. We entertain such an unpreserved challenge in a civil case only if the alleged error was "fundamental," *e.g.*, *Taylor v. Vermont Department of Education*, 313 F.3d 768, 794-95 (2d Cir. 2002), *i.e.*, "so serious and flagrant that it goes to the very integrity of the proceeding," *id*. at 795 (internal bracket and quotation marks omitted). OCG has failed even to show error, much less fundamental error. Even on appeal, OCG has proffered no reason to believe that the SVDR data evidence was not in fact authentic.

OCG next argues that the district court abused its discretion by denying OCG the opportunity to conduct further discovery prior to ruling on defendants' motion for summary judgment. However, we consider this argument to have been waived. In denying OCG's prior request for discovery, the district court stated that the denial was "without prejudice." Thus, OCG had the right to renew its request. It did not do so but merely stated in its opposition to defendants' motion for summary judgment that "OCG previously demonstrated in its Rule 56 Declaration that it cannot present facts essential to its opposition because basic discovery was restricted." Such a footnote is not sufficient to

constitute a discovery request, and we thus see no error in the district court's decision of the motion without ordering additional discovery.

Lastly, OCG argues that the district court incorrectly concluded that no genuine issues of material fact exist. We disagree. First, the fact that the M/V Ambassador's master provided the United States Coast Guard with a prepared witness statement that was somewhat inconsistent with the master's declaration in this suit is immaterial; both accounts place the M/V Ambassador's port anchor outside of the marked cable area at the moment of release. Second, because the anchor was released outside of the marked cable area, any dispute of fact regarding whether the anchor was above or below the water's surface at the moment of release is similarly immaterial. Third, as the district court explained, OCG's attempt to create a genuine issue of material fact from the declaration of Arnold Carr is misplaced; Carr's assertion that the anchor first struck the seafloor inside the marked cable area is directly contradicted by the sonar map – on which Carr relied – that accompanied Carr's declaration.

4

We have considered OCG's remaining arguments and find them to be

without merit.  For the reasons stated above, the judgment of the district court is

**AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk