■ OPTICAL COMMUNICATIONS GROUPS, INC., et al., Appellants, v RUBIN, FIORELLA & FRIEDMAN, LLP, Respondent. [43 NYS3d 22]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered on or about April 1, 2015, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), unanimously affirmed, without costs.

In this legal malpractice action, plaintiff Optical asserts that its former attorneys, Rubin, Fiorella and Friedman, mishandled the litigation of a maritime action in which it sought to recover damages caused when its submarine fiber optical cable was struck and destroyed by an anchor inadvertently released from a cargo vessel owned by Marbulk Canada, Inc. Rubin Fiorella, on behalf of Optical, brought a maritime action in federal court against the vessel and Marbulk. In the maritime action, Optical alleged that the vessel dropped its anchor in an area designated for laying cable, and that Marbulk was therefore liable. The parties agreed that Marbulk would be liable only if the vessel was located in the designated cable area when its anchor dropped.

Marbulk successfully moved for summary judgment dismissing the complaint in the maritime action. The district court found, inter alia, that sonar data evidence submitted by plaintiff Optical showed that the vessel was outside the boundaries of the designated cable area (*Optical Communications Group, Inc. v M/V AMBASSADOR*, 938 F Supp 2d 449 [SD NY 2013] [*Optical I*], *affd* 558 Fed Appx 94 [2d Cir 2014] [*Optical II*]). The conclusion was also supported by evidence submitted by Marbulk, specifically, a screen shot of Simplified Vessel Data Radar (SVDR) data that pinpointed the location of the vessel outside the boundaries of the cable area. As indicated, that decision was affirmed on appeal by the Second Circuit.

In the instant action, plaintiff alleges that, as noted by the Second Circuit in *Optical II*, Rubin Fiorella failed to preserve an objection to the SVDR data submitted by Marbulk in support of its motion, and also failed to renew a discovery motion that had been denied without prejudice to renewal. Optical alleges that but for these failures, it would have defeated the motion for summary judgment and ultimately prevailed in the maritime action.

The motion court properly found that the Second Circuit's order in *Optical II*, affirming *Optical I*, is documentary evidence within the meaning of CPLR 3211 (a) (1), and that its holding flatly contradicts the legal conclusions and factual allegations in the complaint (*see Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc.*, 120 AD3d 431, 432 [1st Dept 2014]; *Morgenthow & Latham v Bank of N.Y. Co.*, 305 AD2d 74, 78 [1st Dept 2003], *lv denied* 100 NY2d 512 [2003]).

Even assuming that Rubin Fiorella had successfully challenged the admissibility and authenticity of the SVDR data proffered by Marbulk, the district court found that plaintiff Optical's own sonar data evidence, submitted through its expert, indicated that the vessel was outside the cable field when it released its anchor. Thus, plaintiff's evidence submitted in the maritime action refutes its allegations in this action that, but for Rubin Fiorella's negligence, it would have prevailed in the maritime action (*see e.g. Brooks v Lewin*, 21 AD3d 731, 734 [1st Dept 2005], *lv denied* 6 NY3d 713 [2006]).

The district court's decision also refutes Optical's allegation that, but for Rubin Fiorella's failure to conduct further discovery, it would have prevailed in the maritime action, since that court found that the record with respect to the location of the vessel was "immutable and complete" so that "further discovery will not recreate the events underlying the anchor

drop or enhance the existent evidence in any meaningful way" (*Optical I*, 938 F Supp 2d at 464; *see Biondi v Beekman Hill House Apt. Corp.*, 257 AD2d 76, 81 [1st Dept 1999], *affd* 94 NY2d 659 [2000]). Concur—Richter, J.P., Manzanet-Daniels, Feinman, Kapnick and Gesmer, JJ.