■ WFB TELECOMMUNICATIONS, INC., et al., Respondents, v NYNEX CORPORATION et al., Appellants.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered May 5, 1992, which denied defendants' motion to dismiss the complaint, unanimously reversed, on the law, the motion granted and the complaint dismissed, without costs. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

The complaint in this case alleges that, for the past thirteen years, plaintiff Walter Burren, who is president, chairman of the board and sole shareholder of plaintiff WFB Telecommunications, Inc. ("WFB"), has acted as an independent manufacturer's representative for several major manufacturers and suppliers of fiber optic cable and related components in marketing their products to defendant NYNEX and its subsidiary, defendant Telesector Resources Group, Inc. ("Telesector"). In January 1991, Burren was informed by defendants that he was being permanently barred from transacting business with them based on his attendance at a Florida convention conducted by some of defendants' employees, at which it had been alleged that certain inappropriate and immoral activities had taken place. Burren was also informed that he was not being personally accused of any wrongdoing. Based on these facts, plaintiffs brought this action alleging intentional interference with contractual relations, and intentional interference with business relations.

In order to state a cause of action for tortious interference with contractual relations plaintiffs must show that defendants intentionally and through improper means induced the breach of a contract between plaintiff and a third party (Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183, 196). The related tort of interference with business relations applies to those situations where the third party would have entered into or extended a contractual relationship with plaintiff but for the intentional and wrongful acts of the defendant (supra; Mogull Music Corp. v Madison-59th St. Corp., 162 AD2d 336).

In this case, plaintiffs have alleged no more than that defendants chose to cease doing business with plaintiff Burren, thereby inducing those manufacturers whom plaintiffs had represented to breach their contracts with plaintiffs. The IAS

Court, by applying a good faith standard to defendants' termination of their business relationship with plaintiffs, found that plaintiffs' allegations were sufficient to establish that such termination was in bad faith and therefore constituted an improper or wrongful means. We do not agree that the termination of plaintiffs' and defendants' relationship is subject to such a standard and therefore reverse.

"It is the well-settled law of this State that the refusal to maintain trade relations with any individual is an inherent right which every person may exercise lawfully, for reasons he deems sufficient or for no reasons whatever" *(Locker v American Tobacco Co.,* 121 App Div 443, 451-452, *affd* 195 NY 565; *see also, Turner Constr. Co. v Seaboard Sur. Co.,* 98 AD2d 88). We note that there is no showing of the existence of a fiduciary relationship between plaintiffs and defendants or of the existence of a contract, either express or implied, between them. Under these circumstances, as defendants' termination of their relationship with plaintiffs was not improper, no cause of action may lie for either tortious interference with contractual relations or tortious interference with business relations.

Plaintiffs argue alternatively that the allegations set forth in the complaint state a cause of action for prima facie tort. The elements of such a cause of action are the " '(1) intentional infliction of harm, (2) resulting in special damages, (3) without excuse or justification, and (4) by an act or series of acts that would otherwise be lawful' " *(Christopher Lisa Matthew Policano, Inc. v North Am. Precis Syndicate,* 129 AD2d 488, 489, quoting *Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 332). Since, unlike the other causes of action pled by plaintiffs, it is not a bar to the assertion of this cause of action that the means used by defendants were not, in and of themselves, improper or wrongful, we turn to a consideration of plaintiffs' allegations concerning defendants' intent.

Central to the cause of action for prima facie tort is that the defendant's intent have been *solely* to injure plaintiff, i.e., that defendant have acted from " 'disinterested malevolence' " *(Burns Jackson Miller Summit & Spitzer v Lindner, supra,* at 333, quoting *American Bank & Trust Co. v Federal Bank,* 256 US 350, 358; *Dalton v Union Bank,* 134 AD2d 174, 177). Here, the complaint states, in a conclusory fashion, unsupported by factual allegations, that defendants' sole intent was to harm plaintiffs. Defendants, however, submitted documentary evidence clearly refuting this allegation. We reject plaintiffs'

argument that such evidence may not be considered in support of a motion to dismiss made under CPLR 3211 (a) (7). "Although on a motion addressed to the sufficiency of a complaint, the facts pleaded are presumed to be true and accorded every favorable inference *(Morone v Morone,* 50 NY2d 481, 484 [1980]), nevertheless, 'allegations consisting of bare legal conclusions, as well as factual claims either inherently incredible or flatly contradicted by documentary evidence are not entitled to such consideration' " *(Mark Hampton, Inc. v Bergreen,* 173 AD2d 220, quoting *Roberts v Pollack,* 92 AD2d 440, 444).

The documentary evidence submitted in this case included a letter from plaintiffs' counsel which charges that defendants terminated their relationship with plaintiffs "even though Mr. Burren has engaged in no wrongdoing * * * merely [as] a convenience for the NYNEX companies in achieving their rate and public relations goals." Moreover, a letter from defendant Telesector in response states that "we believe it would be inconsistent with our corporate ethics, would undermine employee morale, and would undermine public confidence in NYNEX to continue to do business directly with people who participated in [the Florida convention]." In light of this undisputed proof that defendants' actions were motivated, at least in part, by legitimate business goals, we find that plaintiffs have failed to state a cause of action for prima facie tort. [As amended by unpublished order entered Jan. 26, 1993.] Concur—Carro, J. P., Milonas, Ellerin and Asch, JJ.