■ AETNA CASUALTY & SURETY COMPANY, Respondent, v ISLAND TRANSPORTATION CORP. et al., Appellants. [649 NYS2d 675] —Order of the Supreme Court, Bronx County (Douglas McKeon, J.), entered January 4, 1996, which granted plaintiff's motion for summary judgment as to both liability and proximate cause against both defendants-appellants, unanimously reversed, on the law, without costs, and the motion denied.

Following a collision between a rental car owned by defendant Tilden Car Rental Co. and a tanker truck containing gasoline owned by defendant Island Transportation Corp., the vehicles left the roadway, mounted the sidewalk and struck premises owned by plaintiff's subrogor, Thomas J. Palumbo. As the result of the ensuing fire, Mr. Palumbo sustained the loss of five commercial buildings.

Plaintiff Aetna Casualty & Surety Company brought the subject motion for summary judgment supported only by the affidavit of its subrogation supervisor. Its reply papers assert that summary judgment is warranted under the doctrine of res ipsa loquitur, and excerpts from police accident reports are submitted in support of the motion. In the order from which appeal is taken, Supreme Court decided that the accident reports constitute sufficient "documentary proof" which has not been rebutted by appellants. The court therefore granted plaintiff partial summary judgment on liability and proximate cause and directed that discovery proceed with respect to damages.

The rule governing summary judgment is well established: "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853), and such showing must be made "by producing evidentiary proof in admissible form" (*Zuckerman v City of New York*, 49 NY2d 557, 562). " '[R]egardless of the sufficiency of the opposing papers' ", in the absence of admissible evidence sufficient to preclude any material issue of fact, summary judgment is unavailable (*Ayotte v Gervasio*, 81 NY2d 1062, 1063, quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

As this Court has noted, "A police accident report made by a

police officer who was not an eyewitness containing hearsay statements regarding the ultimate issues of fact may not be admitted into evidence for the purpose of establishing the cause of the accident in question" (*Kajoshaj v Greenspan*, 88 AD2d 538, 539, citing *Murray v Donlan*, 77 AD2d 337). Furthermore, the conflicting accounts contained in the report submitted in connection with plaintiff's motion raise questions of fact regarding the cause of the accident, thus precluding the grant of summary judgment.

Plaintiff's reliance on the doctrine of res ipsa loquitur is similarly misplaced. Application of the doctrine requires that the instrumentality responsible for the injury be under the exclusive control of the party to be cast in negligence. Where, as here, it is uncertain if one vehicle or both vehicles caused the accident and, if both, the extent to which each tortfeasor contributed to the damages for the purpose of assessing its liability, the doctrine is clearly inapposite. Supreme Court's disposition in this case offends the general principle that a plaintiff is rarely entitled to summary judgment in a negligence action, summary disposition being generally limited to those cases which are devoid of any conflict in the evidence (*Ugarriza v Schmieder*, 46 NY2d 471, 475-476).

Finally, we note that this motion was brought scarcely two months after defendants answered the complaint. The record suggests that there are numerous witnesses, none of whom are under defendants' control, who could shed light on responsibility for the accident. Therefore, even if this Court were to accept, for the sake of argument, plaintiff's contention that defendants' opposition to its motion is insufficient, it is apparent that, at this juncture, "facts essential to justify opposition may exist but cannot then be stated", warranting denial of the motion in order to permit defendants to conduct disclosure (CPLR 3212 [f]; *see*, *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 506). Concur—Murphy, P. J., Sullivan, Rubin, Ross and Williams, JJ.