■ ADVANCED GLOBAL TECHNOLOGY, LLC, Appellant, v SIRIUS SATELLITE RADIO, INC., Respondent. [843 NYS2d 220]—

Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered March 19, 2007, dismissing the complaint pursuant to an order which, in an action for tortious interference with prospective economic relations, granted the motion of defendant Sirius to dismiss the complaint for failure to state a

cause of action, unanimously modified, on the law, to the extent of permitting plaintiff to replead pursuant to CPLR 3211 (e), and otherwise affirmed, without costs.

The complaint alleges that Sirius operates a subscription-based satellite radio service, and that plaintiff Advanced Global Technology (AGT) markets receivers designed to receive satellite radio transmissions from Sirius's only competitor in the satellite radio market, XM. AGT was developing a business relationship with an electronics company, KRI, involving development of a receiver for high definition or HD radio broadcasts; KRI is also a primary manufacturer of satellite radio receivers for Sirius. Although satellite radio and HD radio do not compete in the same market, Sirius warned KRI, under penalty of losing Sirius's business, not to do business with AGT. As a result, KRI broke off negotiations with AGT. The motion court correctly held pursuant to CPLR 3211 (a) (7), that these allegations, on their face, show that Sirius's interference was neither wrongful nor motivated solely by malice, as opposed to its normal economic interest (*see Carvel Corp. v Noonan*, 3 NY3d 182, 190 [2004]), specifically, that a major facilitator of its business (KRI) not do any manner of business with a major facilitator (AGT) of its sole competitor's (XM) business (*see id.* at 191-192 [so long as defendant is motivated by legitimate economic self-interest, it should not matter if the parties are, or are not, competitors in same marketplace]; *cf. Sumitomo Bank of N.Y. Trust Co. v DiBenedetto*, 256 AD2d 89 [1998], *lv denied* 93 NY2d 804 [1999] [threats by defendants, town's attorneys, that if a prospective vendor did not withdraw its proposal to town, "its ability to do business thereafter with the Town . . . would be severely compromised," insufficient to sustain claim for tortious interference by plaintiff trustee of noteholders where town's liability on notes depended on whether it was unable to procure contract for type of services provided by vendor]). We note however, that to the extent that the court relied on the September 26, 2006 e-mail from KRI to AGT detailing KRI's communications with Sirius as an additional ground for dismissal pursuant to CPLR 3211 (a) (1), it was in error. The underlying e-mail was not otherwise admissible, and thus cannot serve as documentary evidence which conclusively establishes a defense (*see e.g. Aetna Cas. & Sur. Co. v Island Transp. Corp.*, 233 AD2d 157 [1996]).

Finally, we find that leave to replead should have been granted (*Barclay Arms v Barclay Arms Assoc.*, 182 AD2d 397 [1992]). Concur—Andrias, J.P., Buckley, Catterson, Malone and Kavanagh, JJ. [*See* 15 Misc 3d 776.]