(July 28, 2011)

JOHN F. SCHUTTY, Appellant-Respondent, v SPEISER KRAUSE P.C. et al., Respondents-Appellants. [928 NYS2d 4]—

Plaintiff, an attorney, was formerly employed by defendant law firm (collectively with the other defendants, Speiser) pursuant to a written agreement executed in 2003. Plaintiff alleges that, in March 2005, Speiser orally promised him that, if he remained with the firm, he would be paid, in addition to his salary, 10% of fees earned on certain work. Plaintiff remained with the firm, but the parties' subsequent efforts to agree on the terms of a new employment contract were unsuccessful. Ultimately, plaintiff resigned from Speiser in July 2007 and subsequently commenced this action for breach of contract and other causes of action. On plaintiff's appeal from the order granting Speiser's pre-answer motion to dismiss pursuant to CPLR 3211 (a) (1), (5) and (7) with respect to most portions of the complaint, we modify to reinstate the cause of action for breach of contract insofar as it seeks to recover unpaid salary, and otherwise affirm.

Plaintiff's first cause of action, for breach of contract, has three branches, the second and third of which are at issue on this appeal. The second branch seeks to recover plaintiff's unpaid salary for the first six months of 2007; at the time, Speiser allegedly told plaintiff that it needed to suspend his salary due to cash flow problems. The motion court erred in

dismissing this claim based on documentary evidence that plaintiff issued an invoice in his own name in February 2007, apparently in violation of a term of his employment agreement. The invoice and other documents in the record do not establish whether plaintiff began this work with the intent to benefit only himself before Speiser told him that the payment of his salary would be suspended, and thus we cannot determine as a matter of law that plaintiff was in material breach of the contract. However, the third branch of the first cause of action, which seeks to enforce the alleged oral agreement to pay plaintiff 10% of the fees Speiser received for certain work, was correctly dismissed. The documentary evidence of the parties' unsuccessful negotiations on the terms of a contemplated new employment agreement (including multiple drafts of same, the parties' correspondence, and plaintiff's written letter of resignation) establish that the parties did not intend to be bound until there was a signed written contract and that there was never a meeting of the minds on all material terms of the new agreement of which the proposed 10% fee split was intended to be a part (*see e.g. Langer v Dadabhoy*, 44 AD3d 425 [2007], *lv denied* 10 NY3d 712 [2008]; *Spier v Southgate Owners Corp.*, 39 AD3d 277 [2007]; *Galesi v Galesi*, 37 AD3d 249 [2007]; *Yenom Corp. v 155 Wooster St. Inc.*, 23 AD3d 259 [2005], *lv denied* 6 NY3d 708 [2006]).

The remaining causes of action at issue were correctly dismissed. The third cause of action (entitled "promissory misrepresentation") and fourth cause of action (entitled "promissory fraud") seek recovery for Speiser's failure to honor the alleged oral promise to pay plaintiff 10% of fees for certain work, on which promise plaintiff allegedly relied by declining another offer of employment. To the extent these causes of action seek recovery under a theory of promissory estoppel, the documentary evidence of the parties' lengthy and fruitless negotiations establishes as a matter of law that there was no clear and unambiguous promise on which plaintiff reasonably could have relied (*see Azimut-Benetti S.p.A. v Magnum Mar. Corp.*, 55 AD3d 483, 484 [2008]; *Steele v Delverde S.R.L.*, 242 AD2d 414, 415 [1997]). Similarly, the third and fourth causes of action are legally insufficient to the extent they seek recovery under a theory of fraud or misrepresentation inasmuch as the documentary evidence of the parties' negotiations negates as a matter of law the element of justifiable reliance on the alleged false promise (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 178 [2011]). The fifth cause of action, for quantum meruit, was correctly dismissed because, in the absence of an agreement on new terms, plaintiff's employment continued to be governed by

the 2003 agreement, and recovery under the theory of quantum meruit is unavailable where an express contract covers the same subject matter (*see Parker Realty Group, Inc. v Petigny*, 14 NY3d 864 [2010]). The sixth cause of action, alleging breach of fiduciary duty, was correctly dismissed on the ground that plaintiff's allegations do not support the existence of a higher level of trust between the parties than in the normal employment relationship (*see Rather v CBS Corp.*, 68 AD3d 49, 55 [2009], *lv denied* 13 NY3d 715 [2010]). Finally, the seventh cause of action, alleging tortious interference with contract against defendant Halloran, was correctly dismissed on the ground that Halloran, as a member of the Speiser firm, acted to protect his own financial interest (*see White Plains Coat & Apron Co., Inc. v Cintas Corp.*, 8 NY3d 422, 426 [2007]). Concur—Andrias, J.P., Friedman, Acosta and DeGrasse, JJ.