■ RHONDA GREENAPPLE, Individually and as Beneficiary under an Escrow Agreement with GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP, as Escrow Agent, and Another, Appellant, v CAPITAL ONE, N.A., Doing Business as CAPITAL ONE BANK, et al., Defendants, and GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP, Respondent. [939 NYS2d 351]—

Plaintiff and defendant Park Madison Associates, LLC (Park) executed a purchase agreement whereby plaintiff agreed to purchase a condominium unit located at 23 East 22nd Street, New York, New York. Park was both the sponsor and the agent for the owners of the condominium. Plaintiff paid a deposit of $104,000, which was held in escrow by Goldberg. Pursuant to the escrow agreement, Goldberg, as the escrow agent, was required to hold the deposit money in an escrow account "until otherwise directed . . . in a writing signed by both [s]ponsor and purchaser." The purchase agreement also exempted Goldberg from liability in the performance of its duties as escrow agent, "except for [its] own gross negligence or willful misconduct."

Plaintiff sought to rescind the purchase agreement and requested the return of her deposit. Goldberg rejected plaintiff's rescission asserting that the purchase agreement had already been terminated by plaintiff years earlier, at which time Goldberg returned her deposit to Park, which in turn tendered it to plaintiff. In support of its rejection, Goldberg provided plaintiff with a copy of a termination agreement, signed by plaintiff and authorizing the release of plaintiff's deposit to

Park. Also annexed to the termination agreement was a general release in Park's favor, to which plaintiff's notarized signature was affixed. Lastly, Goldberg provided a copy of the refund check, made payable to plaintiff and double-endorsed, first by plaintiff, and then by Slazer Enterprises LLC (Slazer), one of the owners of the condominium, for deposit into Slazer's bank account.

Alleging that she never received her deposit, that she never executed the termination agreement and that it was thus a forgery, plaintiff's complaint states, inter alia, that Goldberg breached the fiduciary duty it owed as her escrow agent by drafting the termination agreement to require delivery of plaintiff's deposit to Park, instead of requiring delivery of her deposit directly to her, and by failing to exercise reasonable care to ensure that the termination agreement was in fact executed by plaintiff prior to delivering her deposit to Park. In addition, plaintiff alleges that Goldberg enabled, aided and abetted Park in a "scheme" to convert her deposit and that Goldberg "intentionally, wantonly, and recklessly disregarded its fiduciary duties."

An escrow agent owes the parties to the transaction a fiduciary duty (*Talansky v Schulman*, 2 AD3d 355, 359 [2003]), and therefore the agent, as a fiduciary, has "a strict obligation to protect the rights of [the] parties" for whom he or she acts as escrowee (*Grinblat v Taubenblat*, 107 AD2d 735, 736 [1985]). Moreover, an escrow agent has a duty not to deliver the monies in escrow except upon strict compliance with the conditions imposed by the controlling agreement (*Farago v Burke*, 262 NY 229, 233 [1933]). Here, insofar as the complaint alleges that Goldberg failed to ensure that the termination agreement and accompanying documents were in fact executed by plaintiff prior to releasing her deposit, it sufficiently states that Goldberg failed to strictly comply with the conditions imposed by the escrow agreement, which mandated release of the monies only upon a writing signed by the plaintiff. Additionally, notwithstanding that the purchase agreement between plaintiff and Goldberg premises Goldberg's liability only upon demonstration of gross negligence or willful misconduct, the complaint nevertheless states a cause of action for breach of fiduciary duty under this diminished standard of care insofar as it alleges that Goldberg enabled, aided and abetted Park in a scheme to convert plaintiff's deposit by intentionally, wantonly, and recklessly disregarding its fiduciary duties. Since the complaint alleges that Goldberg intentionally participated in the scheme to convert plaintiff's deposit, it sufficiently alleges that Goldberg

was grossly negligent (*Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823-824 [1993] [gross negligence is "conduct that evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing"] [internal quotation marks omitted]), thereby breaching the duty of trust and loyalty it owed plaintiff as her fiduciary (*Bardach v Chain Bakers, Inc.*, 265 App Div 24, 27 [1942], *affd* 290 NY 813 [1943] [as a trustee, an escrow agent owes his fiduciary "the highest kind of loyalty"]). Hence, plaintiff's complaint, the allegations of which on a motion to dismiss we must accept as true (*Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]; *Cron v Hargro Fabrics*, 91 NY2d 362, 366 [1998]), states a cause of action for breach of fiduciary duty. The motion court thus erred in granting Goldberg's motion to dismiss pursuant to CPLR 3211 (a) (7).

The motion court also erred in granting Goldberg's motion pursuant to CPLR 3211 (a) (1) since a pre-answer motion for dismissal based upon documentary evidence should only be granted when "the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Here, the same documents submitted by Goldberg evince that the plaintiff's signature on the termination agreement varies greatly from her signature on the purchase agreement. Accordingly, Goldberg's documentary evidence fails to establish that it released plaintiff's deposit upon a writing actually signed by her. Goldberg thus fails to utterly refute the allegations in plaintiff's complaint. Moreover, Goldberg's documentary evidence in no way refutes Goldberg's participation in a scheme to convert the deposit, and thus fails to establish a defense to plaintiff's allegation that Goldberg drafted the termination agreement to enable, aid and abet Park in a scheme to convert the deposit. Concur—Mazzarelli, J.P., Saxe, Catterson, Acosta and Román, JJ.