(August 28, 2014)

■ AMSTERDAM HOSPITALITY GROUP, LLC, Respondent, v MARSHALL-ALAN ASSOCIATES, INC., Appellant. [992 NYS2d 2]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered July 16, 2012, which, insofar as appealed from, denied defendant's motion to dismiss the third and fourth causes of action for fraudulent misrepresentation and negligent misrepresentation, affirmed, without costs.

Plaintiff alleges that defendant, a senior executive search firm retained by plaintiff to recruit senior level executives to help it develop its hotel division, misrepresented that a potential placement, nonparty David Bowd, was not subject to a nonsolicitation agreement with his former employer. Plaintiff further alleges that it relied on this misrepresentation in hiring Bowd, and subsequently incurred legal expenses to defend a lawsuit brought by his former employer against plaintiff and the employee for breach of a restrictive covenant between the employee and his former employer.

The allegations set forth in the complaint state causes of action for fraudulent misrepresentation and negligent misrepresentation (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). In support of its argument that plaintiff cannot establish rea-

sonable reliance on the alleged misrepresentation, defendant submits an affidavit and email showing that Bowd informed plaintiff of the nonsolicitation agreement with his former employer prior to the effective date of his employment with plaintiff. In opposition, plaintiff submits an affidavit and letter showing that the employee had accepted plaintiff's offer of employment days before the email disclosing the restrictive covenant. The dissent contends that the affidavit and email submitted by defendant, taken together, constitute "documentary evidence" that "negates the element of justifiable reliance as a matter of law." As a result, the dissent argues, defendant's motion to dismiss pursuant to CPLR 3211 (a) (1) should have been granted.

The courts of this state have grappled with the issue of what writings do and do not constitute documentary evidence, since the term is not defined by statute. "Judicial records, such as judgments and orders, would qualify as 'documentary', as should the entire range of documents reflecting out-of-court transactions, such as contracts, deeds, wills, mortgages, and even correspondence" (David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10 at 22). To qualify as "documentary," the paper's content must be "essentially undeniable and . . . , assuming the verity of [the paper] and the validity of its execution, will itself support the ground on which the motion is based. (Neither the affidavit nor the deposition can ordinarily qualify under such a test.)" (*Id.*)

We have held that affidavits that "do no more than assert the inaccuracy of plaintiffs' allegations . . . may not be considered, in the context of a motion to dismiss, for the purpose of determining whether there is evidentiary support for the complaint . . . and do not otherwise conclusively establish a defense to the asserted claims as a matter of law" (*Tsimerman v Janoff*, 40 AD3d 242, 242 [1st Dept 2007]; *see also Fontanetta v John Doe 1*, 73 AD3d 78, 85 [2d Dept 2010]).

The cases cited by the dissent do not require us to reach a different result in this case. In *WFB Telecom. v NYNEX Corp.* (188 AD2d 257, 259 [1st Dept 1992], *lv denied* 81 NY2d 709 [1993]), the documentary evidence submitted by defendants included letters from both parties' counsel, which, taken together, constituted "undisputed proof that defendants' actions were motivated, at least in part, by legitimate business goals" sufficient to defeat plaintiffs' claims for prima facie tort. This is wholly consistent with the rule that to constitute documentary evidence, the papers must be "essentially undeniable" and support the motion on its own (Siegel at 22). Nor is our conclusion

that the email in *Advanced Global Tech., LLC v Sirius Satellite Radio, Inc.* (44 AD3d 317, 318 [1st Dept 2007]) did not constitute documentary evidence translate into a blanket rejection of emails as documentary evidence. As Professor Siegel recognizes, "even correspondence" may, under appropriate circumstances, qualify as documentary evidence (Siegel at 22). In our electronic age, emails can qualify as documentary evidence if they meet the "essentially undeniable" test (*see Art & Fashion Group Corp. v Cyclops Prod., Inc.*, 120 AD3d 436 [1st Dept 2014] [decided simultaneously herewith]; *see also Langer v Dadabhoy*, 44 AD3d 425 [1st Dept 2007], *lv denied* 10 NY3d 712 [2008]). The email at issue here simply fails this test.

Significantly, we note that a motion to dismiss under CPLR 3211 (a) (1) obliges the court "to accept the complaint's factual allegations as true, according to plaintiff the benefit of every possible favorable inference, and determining only whether the facts as alleged fit within any cognizable legal theory" (*Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267, 270-271 [1st Dept 2004] [internal quotation marks omitted]). Dismissal is warranted only if the documentary evidence submitted "utterly refutes plaintiff's factual allegations" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Greenapple v Capital One, N.A.*, 92 AD3d 548, 550 [1st Dept 2012]), and "conclusively establishes a defense to the asserted claims as a matter of law" (*Weil, Gotshal*, 10 AD3d at 270-271 [internal quotation marks omitted]).

*Schutty v Speiser Krause P.C.* (86 AD3d 484, 485 [1st Dept 2011]), also cited by the dissent, is similarly distinguishable. There we found multiple drafts of a contemplated new employment agreement, the parties' correspondence and plaintiff's written letter of resignation to be sufficient to undeniably establish "that the parties did not intend to be bound until there was a signed written contract and that there was never a meeting of the minds on all material terms of the new agreement." (*Id.*)

The emails in this particular case, aside from being not otherwise admissible, are not able to support the motion to dismiss. The "documentary evidence" here, unlike the emails in *Langer*, do not, standing on their own, conclusively establish a defense to the claims set forth in the complaint. While they may indicate that Bowd put defendants on notice of potential employment restrictions, other letters indicate that Bowd had, in fact, accepted the offer of employment days before he sent the emails in question. Because defendant has not "negated beyond substantial question" the allegation of reasonable reliance, and

the submissions raise factual issues concerning the circumstances and communications underlying plaintiff's hiring of Bowd, it cannot be concluded that plaintiff has no causes of action for fraudulent and negligent misrepresentation (*Guggenheimer v Ginzburg*, 43 NY2d at 275). Concur—Sweeny, J.P., Manzanet-Daniels and Clark, JJ.

DeGrasse, J., dissents in a memorandum as follows: As related to this appeal, defendant's motion was for an order pursuant to CPLR 3211 (a) (1) and (7) dismissing the third and fourth causes of action for fraud and negligent misrepresentation, respectively. I agree that the motion was properly denied insofar as it called for a dismissal under CPLR 3211 (a) (7). I respectfully dissent because the motion should have been granted pursuant to CPLR 3211 (a) (1) on the basis of documentary evidence that negates the element of reasonable reliance with respect to each cause of action.

Defendant is an executive search firm. Plaintiff alleges in the complaint that "[a]t the conclusion of the negotiations and discussions, and specifically on the recommendation of [d]efendant, [plaintiff] hired [nonparty David] Bowd as its President of Hotel Operations, effective on or about June 29, 2009." Bowd had been employed by plaintiff's competitor, Morgans Hotel Group Management LLC (MHG), at the time of his negotiations with plaintiff. In support of the instant fraud and negligent misrepresentation causes of action, plaintiff further alleges that it reasonably relied on defendant's false representation that "Bowd did not have any agreements with his employer prior to [plaintiff] that would prohibit or otherwise restrict Bowd's ability to fully perform his anticipated job duties and responsibilities with [plaintiff]." According to plaintiff, those responsibilities included the utilization of Bowd's contacts within MHG to identify potential talent for plaintiff's business.

On September 4, 2009, MHG brought an action against Bowd, plaintiff and its principals in the Supreme Court, New York County. The causes of action alleged against plaintiff sounded in tortious interference with contract, aiding and abetting breach of fiduciary duty and unfair competition. MHG alleged in its complaint that plaintiff wrongfully induced Bowd to breach his employment agreement with MHG by having him recruit two MHG employees to work for plaintiff. The instant complaint cites as damages legal fees plaintiff was forced to incur before MHG's suit was voluntarily discontinued in May 2010.

Justifiable reliance on a misrepresentation or material omission is an element of fraud (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 178 [2011]), as well as negligent misrepre-

sentation (*see Murphy v Kuhn*, 90 NY2d 266, 270 [1997]). Reliance, however, is not justified where the true facts have been made known to the party claiming to have been deceived or misled (*see 200 E. End Ave. Corp. v General Elec. Co.*, 5 AD2d 415, 417 [1st Dept 1958], *affd* 6 NY2d 731 [1959]). I submit that documentary evidence consisting of an email sent by Bowd to plaintiff 19 days before Bowd was hired negates the element of justifiable reliance as a matter of law.

A June 10, 2009 email from Bowd to Stuart Podolsky, one of plaintiff's principals, reads as follows:

"Morning Stuart, just wanted to keep you in the loop, Meeting went well yesterday, they are still refusing to accept my resignation and want to counter offer. I have confirmed this is not my intention and I WILL be joining you.

"There are a couple of things that came up yesterday that I wanted you to be aware of:

"1. The Corporate Legal team contacted me to confirm my knowledge of my contract confirming that I cannot approach any member of MHG staff to offer them a role within Amsterdam Hospitality. Obviously you were talking to Blake before me/or without my knowledge so there is no issue there. Although I think once you have done the deal with Blake we need to be strategic on when he resigns as I would like my role announced within MHG before Blake resigns. I am pushing for this to happen today . . . ."

One hour later, Podolsky replied: "Good luck. Anything we could do to help the process we are there for you." Twenty minutes later, Bowd responded: "I think that if I give them 1 extra week it would ease the process—how do you feel about me starting with yweou on the 29th?"

A motion pursuant to CPLR 3211 (a) (1) may be appropriately granted where documentary evidence utterly refutes a complaint's factual allegations, conclusively establishing a defense as a matter of law (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Bowd's first email on June 10, 2009 plainly put plaintiff on notice of the restrictions imposed upon him by his employment agreement with MHG. The email therefore dispels any notion that plaintiff hired Bowd on June 29, 2009 in justifiable reliance on defendant's alleged representation that Bowd was not subject to such restrictions.

I am not persuaded by plaintiff's argument that correspondence such as Bowd's email does not suffice as documentary evidence for purposes of CPLR 3211 (a) (1). Decisions of this Court hold otherwise. For example, in *Schutty v Speiser Krause P.C.*

(86 AD3d 484, 484-485 [1st Dept 2011]), we found drafts of an agreement and correspondence sufficient for purposes of establishing a defense under the statute. In *WFB Telecom. v NYNEX Corp.* (188 AD2d 257, 259 [1st Dept 1992], *lv denied* 81 NY2d 709 [1993]), we granted a CPLR 3211 (a) (1) motion on the basis of a letter from the plaintiff's counsel that contradicted the complaint. Therefore, there is no blanket rule by which email is to be excluded from consideration as documentary evidence under the statute. *Advanced Global Tech., LLC v Sirius Satellite Radio, Inc.* (44 AD3d 317 [1st Dept 2007]), which plaintiff cites, does not warrant a contrary conclusion. In *Advanced* we held that an email could not serve as documentary evidence conclusively establishing a defense simply because it was "not otherwise admissible" (*id.* at 318, citing *Aetna Cas. & Sur. Co. v Island Transp. Corp.*, 233 AD2d 157 [1st Dept 1996]). Here, by contrast, Bowd's affidavit provided the necessary evidentiary foundation for the motion court's consideration of the email. Moreover, in *Langer v Dadabhoy* (44 AD3d 425, 426 [1st Dept 2007], *lv denied* 10 NY3d 712 [2008]), we found "documentary evidence in the form of e-mails" to be sufficient to carry the day for a defendant on a CPLR 3211 (a) (1) motion.

There is also no merit to plaintiff's argument that the email does not establish a defense because it was sent after the parties signed a letter of employment dated June 4, 2009. By its own terms, the "letter is not to be construed as an implied contract of employment." It therefore did not obligate plaintiff to hire Bowd on June 29, 2009. The same limitation set forth in the letter of employment refutes the majority's position that "defendant has not 'negated beyond substantial question' the allegation of reasonable reliance . . . ." Accordingly, I would reverse the order entered below and grant defendant's motion for an order dismissing the third and fourth causes of action pursuant to CPLR 3211 (a) (1).