■ LANMARK GROUP, INC., Appellant-Respondent, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Respondent-Appellant. [50 NYS3d 349]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on or about January 26, 2016, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss plaintiff's fourth cause of action and denied defendant's motion to dismiss plaintiff's third, fifth, and seventh causes of action, unanimously modified, on the law, to dismiss the third and seventh causes of action, and otherwise affirmed, without costs.

Pursuant to the terms of the parties' contract, plaintiff sought reimbursement for "extra work" relating to the removal of lead paint on spandrel beams (third cause of action), custom brickwork (fourth cause of action), removal of a cornice including structural steel framing (fifth cause of action), and removal of loose lintels (seventh cause of action).

The third cause of action should have been dismissed, as the contract clearly contemplates that the spandrel beams were to be "scrape[d], clean[ed], prime[d] and paint[ed]." As part of that procedure, the specifications provide that plaintiff was to remove all loose paint, and that untested paint was to be assumed to be lead paint. As a result, the contract contemplated the removal of loose lead paint from the spandrel beams, and such work was not beyond the scope of the contract.

The fourth cause of action, seeking reimbursement for custom brickwork, was properly dismissed. The contract explicitly states that "there are multiple types of brick masonry on the elevations and the Contractor shall match color, size, shape & texture of each. Refer to drawings for size of brick." While the drawings only contained the "typical" size of the bricks, plaintiff was on notice that it would need to customize "multiple types of brick masonry" and that such work was contemplated by the contract.

The fifth cause of action, regarding the removal of cornice including structural steel framing, was properly retained. While the contract states that the cornice was to be removed, there is no reference to any sort of structural steel framing within the cornice. Accordingly, there is a factual issue as to what the parties' reasonable expectations were with respect to the cornice removal. A "contract should not be interpreted to produce a result that is absurd, commercially unreasonable or contrary to the reasonable expectations of the parties" (*Matter of Lipper Holdings v Trident Holdings*, 1 AD3d 170, 171 [1st Dept 2003] [citations omitted]).

The seventh cause of action, for removal of loose lintels, should have been dismissed. The contract provided that Lanmark was to "remove all loose and hung steel lintel angles at 1929 Building as noted on the drawings." At least one set of drawings specifically indicate which loose lintels needed to be replaced. Accordingly, plaintiff's claim was utterly refuted by the documentary evidence (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Greenapple v Capital One, N.A.*, 92 AD3d 548, 550 [1st Dept 2012]).

We have considered the parties' remaining arguments and find them unavailing. Concur—Friedman, J.P., Sweeny, Renwick, Andrias and Manzanet-Daniels, JJ.