Soma Brasil Representac es Comerciais LTDA v JHSF Participacô S.A. (2018 NY Slip Op 08549)





Soma Brasil Representac es Comerciais LTDA v JHSF Participacô S.A.


2018 NY Slip Op 08549


Decided on December 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 13, 2018

Friedman, J.P., Gische, Kapnick, Kahn, Kern, JJ.


7868 651886/15

[*1]Soma Brasil Representac es Comerciais LTDA, Plaintiff, Endeavor Group Realty, et al., Plaintiffs-Appellants-Respondents,
v
JHSF Participacô S.A., et al., Defendants-Respondents-Appellants.


Law Office Stephen N. Preziosi, P.C., New York (Stephen N. Preziosi of counsel), for appellants-respondents.
Schlam Stone & Dolan LLP, New York (Niall D. O'Murchadha of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered November 3, 2016, which granted defendants' pre-answer motion to dismiss the complaint, unanimously affirmed, with costs.
The motion court properly dismissed the complaint based on the documentary evidence (see Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc., 120 AD3d 431, 433 [1st Dept 2014]). At the heart of this appeal is an authorization agreement between Soma and JHSF, which clearly pertained to properties presented to JHSF that were "not listed in real estate companies" as well as the fact that JHSF would determine "in its sole discretion" any right to payment to Soma. The only rational way to construe the authorization is that JHSF was looking for New York unlisted opportunities, and that a fee would be negotiated if JHSF bought one through plaintiffs. Contrary to plaintiffs' assertion, the motion court did not narrowly construe the documentary evidence when it relied on a New York Post article, dated March 12, 2013, announcing that the owner was selling the property, and the exclusive agency agreement between the owner and another broker, to determine that the subject transaction was public, not private.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 13, 2018
CLERK