United Capital Real Estate Dev. Corp. v Sahara US Corp. (2020 NY Slip Op 00388)





United Capital Real Estate Dev. Corp. v Sahara US Corp.


2020 NY Slip Op 00388


Decided on January 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 21, 2020

Manzanet-Daniels, J.P., Gesmer, Oing, Moulton, González, JJ.


10825 155910/18

[*1] United Capital Real Estate Development Corp., Plaintiff-Appellant,
v
Sahara US Corporation, et al., Defendants-Respondents, Subrata Roy, et al., Defendants.


Tarter Krinsky & Drogin, LLP, New York (Richard C. Schoenstein of counsel), for appellant.
Milbank LLP, New York (Alan J. Stone of counsel), for respondents.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered October 22, 2018, which, insofar as appealed from as limited by the briefs, granted the motion of defendants Sahara US Corporation, Sahara Plaza LLC and Sahara Dreams LLC to dismiss the complaint with prejudice, unanimously affirmed, with costs.
While the parties' memorandum of understanding (MOU) does contain the material terms for the transaction, it is not a binding agreement because it expressly contemplates the negotiation of both an escrow agreement and purchase and sale agreement (see Argent Acquisitions, LLC v First Church of Religious Science, 118 AD3d 441, 444—445 [1st Dept 2014]). Regardless, the correspondence between the parties regarding whether plaintiff had funded an escrow, provided draft documents and provided proof of funds, in this instance, constituted documentary evidence for purposes of CPLR 3211(a)(1) (see Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc., 120 AD3d 431, 432 [1st Dept 2014]). This evidence, as well as plaintiff's concessions below and on appeal are sufficient to establish that plaintiff did not meet its own obligations under the MOU. As such, even were the MOU binding, plaintiff's own breaches preclude an action to enforce it.
Furthermore, the motion court's off-hand comments at oral argument do not raise an issue as to whether the court intended to dismiss the complaint with prejudice. The court was presented with competing orders, and signed the order providing for a dismissal "with prejudice."
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 21, 2020
CLERK