Matter of Korn (2021 NY Slip Op 00800)





Matter of Korn


2021 NY Slip Op 00800


Decided on February 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 09, 2021

Before: Renwick, J.P., Kern, Mazzarelli, Oing, JJ. 


 File No. 4153/01/A Appeal No. 13062 Case No. 2020-01791 

[*1]In the Matter of Robert B. Korn for Recovery of Fees for Legal Services Previously Rendered by Baker Hostetler on Behalf of the Estate of Edith Korn In the Matter of Robert B. Korn, Petitioner-Appellant,
Edward D. Korn etc., Respondent-Respondent.


Farrell Fritz, P.C., Uniondale (Robert M. Harper of counsel), for appellant.
Bryan Cave Leighton Paisner LLP, New York (David P. Kasakove of counsel), for respondent.



Order, Surrogate's Court, New York County (Rita Mella, S.), entered on or about January 9, 2020, which granted respondent's motion to dismiss the petition brought pursuant to SCPA 2110 to fix and allocate to the estate or the executor individually a portion of the legal fees that petitioner incurred in an estate accounting proceeding, unanimously affirmed, with costs.
The Surrogate correctly dismissed the petition pursuant to CPLR 3211(a)(1) (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc., 120 AD3d 431, 432 [1st Dept 2014]). The documentary evidence utterly refutes petitioner's claims that his attorneys' services benefitted the general estate and not himself (see Matter of Ajala, 117 AD3d 550 [1st Dept 2014]; Matter of Wallace, 68 AD3d 679, 680-681 [1st Dept 2009]). The last will and testament of the deceased established that petitioner was the sole beneficiary of the estate's interest in the real property at issue, known as "Florida Flats." In an order entered in the accounting proceeding, the Surrogate concluded that respondent had breached his fiduciary duty as executor of the estate by allocating a premium earned on the sale of the estate's and a marital trust's interests in the Florida Flats property solely to the marital trust, thus benefitting himself, and ordered that one half of the premium be allocated to the estate and paid to petitioner. To the extent the order also denied respondent his commissions as executor, it had no impact on anyone other than respondent, who was the residuary beneficiary of the estate.
In light of our ruling, we need not address petitioner's arguments as to respondent's motion to dismiss the petition pursuant to CPLR 3211(a)(7). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2021