Meyers v Becker & Poliakoff, LLP (2022 NY Slip Op 01246)





Meyers v Becker & Poliakoff, LLP


2022 NY Slip Op 01246


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Acosta, P.J., Kapnick, Friedman, Singh, Pitt, JJ. 


Index No. 158611/19 Appeal No. 15366 Case No. 2020-03526 

[*1]Bruce Meyers, Plaintiff-Respondent,
v
Becker & Poliakoff, LLP, Defendant-Appellant.


Furman Kornfeld & Brennan LLP, New York (Benjamin M. Oxenburg of counsel), for appellant.
Matthew A. Kaufman, New York, for respondent.



Order, Supreme Court, New York County (Carol Ruth Feinman, J.), entered on or about August 10, 2020, which, to the extent appealed from as limited by the briefs, denied defendant's CPLR 3211(a)(7) motion to dismiss the complaint, unanimously affirmed, without costs.
The motion court providently exercised its discretion in denying defendant's motion to dismiss the complaint on the ground that it was premature, and correctly concluded that discovery was needed to resolve the issues presented.
As an initial matter, we note that the court's ruling decided a motion made upon notice and is therefore appealable; it is not, as plaintiff argues, a nonappealable sua sponte order (CPLR 5701[a][2]; Sholes v Meagher, 100 NY2d 333, 335 [2003]).
The court denied defendant's motion as premature, after discussing the motion at a preliminary conference and concluding that discovery was needed, and that defendant, allegedly plaintiff's former counsel, had in its possession documents that plaintiff sought to prove his case. While it should have elaborated on its reasons, the court did not inappropriately conclude that further findings were unnecessary or impossible until discovery occurred. The record supports the court's conclusion that defendant was not entitled to pre-discovery dismissal.
In any case, the verified complaint states a cognizable claim for legal malpractice, including that defendant's negligence proximately caused plaintiff nonspeculative damages. The complaint alleges that defendant advised plaintiff to execute a consent order with the Connecticut Department of Banking, which required him to withdraw his registration as a broker-dealer agent in Connecticut and not to reapply for registration there for three years. This resulted in his being barred from the securities industry under the Securities Exchange Act of 1934 § 3(a)(39) (15 USC § 78c[a][39]; see 15 USC § 78o[b][4][H][i]). SEC and FINRA rulings decided before plaintiff entered into the consent order held that a three-year suspension by a state authority would result in a statutory disqualification and a bar from the securities industry. Thus, the complaint sufficiently alleges that but for defendant's advice to sign the consent order, he would not have been barred from working in the securities industry.
Therefore, at this stage, dismissal was not warranted under CPLR 3211(a)(7), or under CPLR 3211(a)(1), as defendant failed to provide documentary evidence that "conclusively establishes a defense to the asserted claims as a matter of law" (Leon v
Martinez, 84 NY2d 83, 88 [1994]; Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc., 120 AD3d 431, 432-433 [1st Dept 2014]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022