## Best Work Holdings (N.Y.) LLC v Jia Ivy Ma

2024 NY Slip Op 30480(U)

February 13, 2024

Supreme Court, New York County

Docket Number: Index No. 654826/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. ARLENE P. BLUTH                     PART                14

_Justice_

------------------------------------------------------------------------------X

BEST WORK HOLDINGS (NEW YORK) LLC,

                                    Plaintiff,

                    - v -

JIA IVY MA, YUN TOMMY LI

                                    Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654826/2022 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 69, 70, 71, 72, 73

were read on this motion to/for _____DISMISSAL_____.

Plaintiff's motion to dismiss defendant Ma's counterclaims is granted.

**Background**

Plaintiff owns 72 Wall St, a 72-story building and alleges that defendant Jia Ivy Ma (hereinafter "Ma") worked for both plaintiff's parent and plaintiff. It claims that during a renovation project she engaged in fraud by creating fake contracting companies and invoices. Specifically, plaintiff contends that Ma created companies with names similar to contractors who actually did work and that defendant Li (who held himself out as a contractor) submitted fake invoices as part of this scheme.

This Court previously denied defendants' motions to dismiss and defendant Ma subsequently alleged counterclaims for 1) overtime wages under the Fair Labor Standards Act ("FLSA"), 2) overtime wages under New York's Labor Law, 3) unpaid wages under the FLSA, 4) unpaid wages under the Labor Law, 5) violation of wage statement requirements under the Labor Law and 6) violation of notice and record keeping requirements under the Labor Law.

**654826/2022   BEST WORK HOLDINGS (NEW YORK) LLC vs. MA, JIA IVY ET AL                     Page 1 of 7**
**Motion No.  004**

Plaintiff's central argument with respect to the first four counterclaims is that Ma served in a managerial role and, therefore, she is not entitled to recover under her counterclaims for unpaid wages under the Labor Law or the FLSA. It points to numerous documents that it claims constitute documentary evidence that she was a manager, including documents that she drafted (such as her resume and emails). Plaintiff also emphasizes that Ma holds a specific type of work visa (an L-1A visa) that required her to submit an application to the U.S. Citizenship and Immigration Service that documents her managerial responsibilities.

With respect to counterclaims five and six, plaintiff contends that Ma's answer does not include enough allegations. It insists that Ma does not have standing because she did not describe what injury she suffered from plaintiff's alleged failure to turn over wage statements or statements detailing her rate of pay. Plaintiff points to various cases in New York federal courts that require more of a showing to sustain claims based on these record-keeping Labor Law provisions.

In opposition, defendant submits only a memorandum of law in which she insists that this case is merely a means of harassment. She insists that plaintiff failed to meet is burden to establish documentary evidence. Ma argues that although she held an executive position, her actual duties were not those that are subject to an exemption under the FLSA or the Labor Law. She claims she had no ability to hire employees and handled the personal affairs of Fang's (the parent company) CEO. Defendant argues that plaintiff's affidavit cannot serve as the basis for a motion based on documentary evidence.

In reply, plaintiff insists its documents show that Ma is an exempt employee under both the FLSA and the Labor Law. It also argues that she lacks standing to pursue the recordkeeping and notice counterclaims as she did not allege a concrete injury from the alleged lack of notice.

**654826/2022   BEST WORK HOLDINGS (NEW YORK) LLC vs. MA, JIA IVY ET AL**          **Page 2 of 7**
**Motion No.  004**

2 of 7

## Discussion

On a "motion to dismiss on the ground that the action is barred by documentary evidence, such motion may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mut. Life Ins. Co. of New York*, 98 NY2d 314, 326, 746 NYS2d 858 [2002]).

## The First Four Counterclaims

The central issue on this branch of the motion is whether plaintiff met its burden to submit documentary evidence to show that Ma falls within the administrative exception, such that she is not entitled to bring these counterclaims. "[T]o constitute documentary evidence, the papers must be 'essentially undeniable' and support the motion on its own" (*Amsterdam Hosp. Group, LLC v Marshall-Alan Assoc., Inc.*, 120 AD3d 431, 432, 992 NYS2d 2 [1st Dept 2014]). "As Professor Siegel recognizes, 'even correspondence' may, under appropriate circumstances, qualify as documentary evidence. In our electronic age, emails can qualify as documentary evidence if they meet the 'essentially undeniable' test (*id*. at 433).

The FLSA and New York's Labor Law both contain exemptions from overtime requirements for certain employees. The first requirement is that employees must meet a threshold of weekly pay ($684 under the federal regulations [29 CFR § 541.200(a)] and $1,125 under New York's regulations [12 NYCRR § 142-2.14(c)(4)]). Ma's answer alleges that she met this threshold (*see* NYSCEF Doc. No. 32 ¶¶ 33, 34).

Monetary thresholds are not the only requirement. In addition, "the employee's primary duty must consist of the performance of office or nonmanual work directly related to management policies or general business operations of his employer" and "the employee must

exercise discretion and independent judgment in executing his duties" (*Klein v Torrey Point Group, LLC*, 979 F Supp 2d 417, 425 [SDNY 2013]).

The Court finds that Ma is subject to the administrative exception based on the evidence submitted by plaintiff that utterly refutes Ma's allegations in the counterclaims. Among the many, many documents plaintiff submits is a resume that it alleges was drafted by Ma (NYSCEF Doc. No. 73 at 42). Here, she identified her title as Manager of the Administrative and Asset Department and that she would "Oversee the everyday operation and functions of the company" as well as that she would "perform budget control" (*id.*). Ma also insisted she was "responsible for 72 Wall St. Project's construction management, design, [and] purchas[ing]" (*id.*).

Plaintiff also pointed to an email thread discussing Ma's visa renewal application (NYSCEF Doc. No. 58). It alleges that Ma has an L1-A visa, which required that she be a manager. In the email, Ma is asked to update her job description "to highlight her managerial effectiveness and abilities" (*id.* at 8). Plaintiff argues that Ma edited this description to detail her managerial role and that the description read, in part, that "It is clear that Ms. Ma's time will be devoted 100% to essential business decision making and general policy strategy planning and that she is at the management level of the corporation chain. Her position at Best Work is therefore managerial in nature" (*id.* at 13). Plaintiff contends that Ma received three renewals of this visa in 2016, 2018 and 2020 and includes applications in support of this motion. Plaintiff points to the 2018 and 2020 applications that detail her administrative and managerial roles.

In this Court's view, plaintiff's submissions leave no doubt that Ma was a manager. These documents demonstrate that her title and responsibilities were that of an executive. And, most importantly, the fact is that her legal status in the United States was based on her role as a manager as that is the type of visa she secured. The Court recognizes that Ma argues that her

**654826/2022   BEST WORK HOLDINGS (NEW YORK) LLC vs. MA, JIA IVY ET AL**
**Motion No.  004**

**Page 4 of 7**

4 of 7

employer prepared these visa applications, but plaintiff included an affidavit from a Fang employee in which he insists that Ma reviewed all of these applications (NYSCEF Doc. No. 53, ¶ 4). The fact is that these official documents sent to a government agency and Ma's resume (which she drafted) all leave no doubt that she served as a manager with significant discretion.

Although the affidavit submitted by plaintiff from a Fang employee (NYSCEF Doc. No. 53) cannot constitute documentary evidence on its own, the affidavit can provide context for the documents attached to it. And these documents are, in this Court's view, sufficient.

Critically, Ma did not submit an affidavit in opposition to the instant motion to refute these documents. That her verified counterclaims contain generalized allegations that she was not an executive is not sufficient because Ma did not directly refute the papers (and their exhibits) submitted by plaintiff on this motion. For instance, Ma did not deny that she participated in the preparation of the visa applications, that she highlighted and edited her managerial positions on those applications or that her resume contained significant details about her executive role. Ma's submission of an affidavit in a prior motion is similarly unavailing.

While the standard for what constitutes documentary evidence is quite substantial, the Court simply cannot overlook unrebutted documents all of which show that Ma was a manager for plaintiff. Without an affidavit from Ma, her objections to these documents ring hollow. The fact that her attorney claims that the records submitted by plaintiff in the moving papers "do not resemble official records" is not a basis to deny the motion. Ma did not dispute any of the allegations here, including that she drafted a resume that said she was a manager. Nor can Ma's attorney dispute the visa application process as he lacks personal knowledge on that issue.

**654826/2022   BEST WORK HOLDINGS (NEW YORK) LLC vs. MA, JIA IVY ET AL**   **Page 5 of 7**
**Motion No.  004**

[* 5]

5 of 7

**Wage Statements and Recordkeeping**

The key analysis on these two counterclaims (five and six) is whether Ma stated cognizable counterclaims. As an initial matter, the Court finds that Ma's answer contains contradictory allegations that compel the Court to dismiss these claims. Ma's counterclaims detail that she knew, at least approximately, how much she worked (NYSCEF Doc. No. 32, ¶¶ 31, 32). And she also appeared to know her salary (*id.* ¶¶ 33, 34). Therefore, the Court fails to see how Ma can assert counterclaims based on plaintiff's alleged failure to turn over wage statements or information about her rate of pay.

And Ma's admissions about her knowledge concerning her pay constitutes another ground to dismiss these counterclaims. Plaintiff cites to a federal case in the Eastern District of New York which held that a plaintiff lacked standing to bring a failure to provide a wage statement claim without demonstrating "a concrete harm" from this failure (*Sanchez v Ms. Wine Shop Inc.*, 643 F Supp 3d 355, 373 [ED NY 2022]). This decision appears to have stemmed, in large part, from a recent United States Supreme Court case, which held that "Importantly, this Court has rejected the proposition that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right" (*TransUnion LLC v Ramirez*, 594 US 413, 426, 141 S Ct 2190, 2205, 210 L Ed 2d 568 [2021] [internal quotations and citation omitted]).

Applying that standard here, Ma simply did not identify a concrete injury from plaintiff's purported failure to turn over wage statements or rate of pay information. Therefore, she cannot satisfy the injury-in-fact requirement solely by citing to these Labor Law provisions.

Accordingly, it is hereby

**654826/2022   BEST WORK HOLDINGS (NEW YORK) LLC vs. MA, JIA IVY ET AL**      **Page 6 of 7**
   **Motion No.  004**

[* 6]

6 of 7

ORDERED that plaintiff's motion to dismiss Ma's counterclaims is granted.

| | | |
|---|---|---|
| **2/13/2024** | | **ARLENE P. BLUTH, J.S.C.** |
| **DATE** | | |

CHECK ONE:

| | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| **X** | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |

APPLICATION:  ☐ SETTLE ORDER   ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:  ☐ INCLUDES TRANSFER/REASSIGN   ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE

**654826/2022  BEST WORK HOLDINGS (NEW YORK) LLC vs. MA, JIA IVY ET AL**   **Page 7 of 7**
**Motion No.  004**

7 of 7

[* 7]