Olshan Frome Wolosky, LLP v Kestenbaum (2025 NY Slip Op 06816)

Olshan Frome Wolosky, LLP v Kestenbaum

2025 NY Slip Op 06816

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Webber, J.P., Scarpulla, Rodriguez, Higgitt, Chan, JJ. 

Index No. 656174/23|Appeal No. 5321|Case No. 2024-05853|

[*1]Olshan Frome Wolosky, LLP, Plaintiff-Appellant,
vLouis Kestenbaum, et al., Defendants-Respondents.

Olshan Frome Wolosky, LLP, New York (Thomas J. Fleming of counsel), for appellant.
The Law Office of Jesse D. Capell, PLLC, New York (Jesse D. Capell of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered August 22, 2024, which to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the cause of action for breach of contract (first cause of action) as against defendants Fortis Property Group, LLC and the cause of action for fraudulent misrepresentation (fourth cause of action) as against defendant Louis Kestenbaum, unanimously modified, on the law, to deny the motion to dismiss the first cause of action as against Fortis Property Group, and otherwise affirmed, without costs.
Plaintiff alleges that in 2022, defendants Fortis Property Group, LLC, FPG Maiden Lane, LLC, FPG Maiden Holdings, LLC (collectively, the Fortis entities), and Joel Kestenbaum retained it to provide legal services under the terms of an engagement letter, which was executed by plaintiff and defendant FPG Maiden Lane. However, according to the complaint, after the Fortis entities' failed to pay plaintiff the legal fees owed, plaintiff and the Fortis entities entered into a revised fee agreement, with Fortis Property Group agreeing that plaintiff would provide an 18% discount on its fees and a 60-day payment window in exchange for Fortis Property Group's commitment to pay the past due fees and make prompt payment of any new fees.
Supreme Court should have allowed the cause of action for breach of contract to proceed as against Fortis Property Group. Although a breach of contract cause of action generally cannot be asserted against a nonsignatory to the agreement and Fortis Property Group did not execute the engagement letter, the complaint sufficiently alleges that the engagement letter was modified by the later revised fee agreement, which bound Fortis Property Group to the terms of the engagement letter (see Lawrence M. Kamhi, M.D., P.C. v East Coast Paint Mgt., P.C., 177 AD3d 726, 727 [2d Dept 2019]). Contrary to defendants' assertion, that the revised fee agreement did not constitute a comprehensive novation is immaterial. The emails between the parties are sufficient to demonstrate their agreement to modify the engagement letter so that Fortis Property Group would pay the outstanding and ongoing legal fees under the terms of the revised fee agreement (see Kataman Metals LLC v Macquarie Futures USA, LLC, 227 AD3d 569, 569 [1st Dept 2024]). Fortis Property Group failed to present any documentary evidence that utterly refuted these allegations (see CPLR 3211[a][1]; Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc., 120 AD3d 431, 433 [1st Dept 2014]).
Supreme Court properly dismissed the cause of action for fraudulent misrepresentation as against Louis Kestenbaum. Plaintiff's claim, in effect, is that Louis Kestenbaum made a promise of payment without the intent to perform that promise. Even assuming the truth of this allegation, however, Kestenbaum's alleged statement would not constitute a promise collateral or extraneous to the agreements at issue (see Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 65 [1st Dept 2017]; cf. MBIA Ins. Corp. v Countrywide Home Loans, Inc., 87 AD3d 287, 294 [1st Dept 2011]). Plaintiff also did not allege that it sustained any damages that would not be recoverable under its breach of contract cause of action. Rather, plaintiff merely seeks to recover its legal fees, which it is entitled to under the terms of the agreements should it prevail in this action (see MaÑas v VMS Assoc., LLC, 53 AD3d 451, 454 [1st Dept 2008]).
Finally, plaintiff failed to allege sufficient facts that would warrant piercing the corporate veil to hold Louis Kestenbaum personally liable for the legal fees that the Fortis entities allegedly owe to plaintiff. Although Louis Kestenbaum may have dominated some of the Fortis entities, plaintiff failed to allege that he abused the corporate form for the purpose of obtaining legal services without intending to pay for them (see Dragons 516 Ltd. v Knights Genesis Inv. Ltd., 226 AD3d 563, 563-564 [1st Dept 2024], lv denied 42 NY3d 912 [2025]; see also Sutton 58 Assoc. LLC v Pilevsky, 189 AD3d 726, 729 [1st Dept 2020]). There is no allegation that the Fortis entities were formed for no legal purpose or were not engaged in a legitimate business. On the contrary, the complaint states that the Fortis entities were engaged in the business of developing a luxury condominium project (see Max Markus Katz, P.C. v Sterling Natl. Bank, 206 AD3d 533, 534 [1st Dept 2022]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025