■ ART AND FASHION GROUP CORPORATION et al., Appellants-Respondents, v CYCLOPS PRODUCTION, INC., et al., Respondents-Appellants. [992 NYS2d 7]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about February 24, 2012, which granted defendants' CPLR 3211 (a) motion to dismiss the complaint to the extent of dismissing the fraud cause of action and dismissing the complaint as against defendants Cyclops, Albert Watson, Elizabeth Watson and Michael Jurkovac, unanimously modified,

on the law, to reinstate the breach of the joint venture agreement and unjust enrichment causes of action as against the individual defendants, to dismiss the conversion/property damage cause of action, and otherwise affirmed, without costs.

In this action, plaintiffs Art and Fashion Group Corporation (AFG) and Pier 59 Studios L.P. (Pier 59) allege that they entered into an oral joint venture agreement with defendants Cyclops, Cyclops Production, Inc. (CPI), Cyclops, LLC (CL), Albert Watson, Elizabeth Watson and Michael Jurkovac. According to the complaint, plaintiffs and defendants formed 359 Productions, LLC to operate a joint venture to produce defendants' photo shoots and advertising campaigns. The complaint alleges that the parties agreed to operate on a 50/50 basis, to share profits and losses equally, and to pay their respective share of all the expenses of the joint venture, including rents and salaries. Additionally, the parties agreed that all of defendants' campaigns would be produced through 359 Productions and shot exclusively at Pier 59's studios.

The complaint further alleges that defendants breached the joint venture agreement by failing to produce their campaigns through 359 Productions and by conducting the photo shoots at locations other than Pier 59's studios. Plaintiffs allege that Pier 59 paid the salaries of the corporate defendants' employees, and that defendants used plaintiffs' offices, facilities and the services of plaintiffs' employees for their own exclusive benefit. Despite receiving these benefits, plaintiffs allege that defendants failed to remit plaintiffs' share of revenue from the campaigns. The complaint asserts causes of action for breach of the joint venture agreement, unjust enrichment, fraud and conversion/property damage.

Defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) for failure to state a claim and as barred by documentary evidence. The motion court dismissed the complaint in its entirety as against the individual defendants and defendant Cyclops, and dismissed the fraud cause of action as against all defendants. The court denied dismissal of the causes of action for breach of the joint venture agreement, unjust enrichment and conversion/property damage as against CPI and CL. This appeal and cross-appeal ensued.

The motion court correctly denied the portion of the motion seeking dismissal of the claim for breach of the joint venture agreement as against CPI and CL. Accepting the facts as alleged in the complaint as true and according plaintiffs the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the complaint sufficiently states a cause of ac-

tion for breach of a joint venture agreement by alleging "acts manifesting the intent of the parties to be associated as joint venturers, mutual contribution to the joint undertaking through a combination of property, financial resources, effort, skill or knowledge, a measure of joint proprietorship and control over the enterprise, and a provision for the sharing of profits and losses" (*Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288, 298 [1st Dept 2003]).

The court also properly denied dismissal on the basis of documentary evidence. A cause of action may be dismissed under CPLR 3211 (a) (1) "only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). In other words, the documents relied upon must "definitely dispose of [the] plaintiff's claim" (*Blonder & Co., Inc. v Citibank, N.A.*, 28 AD3d 180, 182 [1st Dept 2006]). Email correspondence can, in a proper case, suffice as documentary evidence for purposes of CPLR 3211 (a) (1) (*Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc.*, 120 AD3d 431 [1st Dept 2014] [decided simultaneously herewith]). Factual affidavits, however, do not constitute documentary evidence within the meaning of the statute (*Flowers v 73rd Townhouse LLC*, 99 AD3d 431, 431 [1st Dept 2012]).

In support of the motion, defendants submitted three factual affidavits and a series of emails exchanged between the parties. The affidavits, "which do no more that assert the inaccuracy of plaintiffs' allegations" (*Tsimerman v Janoff*, 40 AD3d 242, 242 [1st Dept 2007]) cannot be considered, and the emails do not conclusively establish a defense as a matter of law. There is no merit to defendants' assertion that the emails show, as a matter of law, that no joint venture agreement was reached and that the parties were merely engaging in preliminary negotiations. "Even where the parties acknowledge that they intend to hammer out details of an agreement subsequently, a preliminary agreement may be binding" (*Richbell*, 309 AD2d at 298; *accord Foster v Kovner*, 44 AD3d 23, 27-28 [1st Dept 2007]).

Although some parts of the emails suggest that all of the details of the joint venture were not fully agreed upon, the emails, when read in their entirety, do not conclusively refute plaintiffs' allegations that an oral joint venture agreement had in fact been reached. For example, a November 3, 2009 email states that "359 is *already operating* in AFG's [office] space" (emphasis added) and was expected to be "cashflow positive by the end of 2009." This same email talks about "formalizing the

establishment of . . . 359 Productions," suggesting that it was already in existence. Furthermore, in a May 1, 2010 email, plaintiffs' representative Federico Pignatelli addresses defendant Michael Jurkovac as "[p]artner," makes reference to "stabiliz[ing] the [c]ompany," and expresses concern about two managerial changes within the past year.

In a May 13, 2010 email, written six months after the initial email submitted by defendants, Pignatelli informs Jurkovac of his decision "not to proceed anymore with 359P." Contrary to defendants' contention, this statement does not unequivocally establish that no joint venture agreement had been reached in the first place. It can just as easily be read as indicating Pignatelli's decision to terminate an already-established joint venture. The email also discusses 359P's overhead and notes issues about the extent of the work that was brought into 359P, both of which are consistent with plaintiffs' claim that a joint venture had been formed. The emails also make reference to other communications, not produced by defendants, identifying issues with 359P's staff. Thus, it is clear that the emails submitted present only a partial picture of the interactions between the parties.

Finally, although defendants contend that they did not intend to proceed with the alleged joint venture until they executed a formal written agreement, no such express reservation is contained in any of the emails (see generally Kowalchuk v Stroup, 61 AD3d 118 [1st Dept 2009]). Because the emails in question fail to definitely refute plaintiffs' claim that the parties had reached an oral joint venture agreement, dismissal at this stage is not warranted (see Foster v Kovner, 44 AD3d at 27-28).

The motion court correctly declined to dismiss the unjust enrichment cause of action as against CPI and CL. In light of defendants' contention that no joint venture agreement existed, plaintiffs are permitted to plead unjust enrichment as an alternative basis for relief (see Zuccarini v Ziff-Davis Media, 306 AD2d 404, 405 [2d Dept 2003] ["(w)here . . . there is a bona fide dispute as to the existence of a contract . . . a plaintiff may proceed upon a theory of quasi contract as well as contract, and will not be required to elect his or her remedies"]).

The complaint was properly dismissed as against defendant Cyclops. In the complaint, plaintiffs identify Cyclops as merely a trade name used by one or more of defendants, and thus it is not a legal entity. However, the motion court should not have dismissed the breach of the joint venture agreement and unjust enrichment claims as against the individual defendants. The complaint alleges that *all* of the defendants, both corporate and

individual, entered into the joint venture agreement and were unjustly enriched. The individual defendants' claim that plaintiffs negotiated only with the corporate entities is contained in affidavits which, as previously noted, cannot be considered on this motion. Furthermore, the emails submitted shed no light on this issue. Thus, dismissal at this preanswer stage is not appropriate.

Plaintiffs' fraud claim was properly dismissed as duplicative of the cause of action for breach of the joint venture agreement (*see Cole, Schotz, Meisel, Forman & Leonard, P.A. v Brown*, 109 AD3d 764, 765 [1st Dept 2013]).

The motion court should have dismissed the claim for conversion since the complaint "[does] not identify the property allegedly converted" (*Messiah's Covenant Community Church v Weinbaum*, 74 AD3d 916, 919 [2d Dept 2010]). For the same reason, plaintiffs' property damage claim fails. Concur—Moskowitz, J.P., Richter, Manzanet-Daniels, Clark and Kapnick, JJ.