Cohen v Getzel (2022 NY Slip Op 03314)





Cohen v Getzel


2022 NY Slip Op 03314


Decided on May 19, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 19, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Friedman, Shulman, JJ. 


Index No. 152750/20 Appeal No. 15980 Case No. 2021-02706 

[*1]Michael D. Cohen, Plaintiff-Respondent-Appellant,
v
Jeffrey Getzel et al., Defendants-Appellants-Respondents.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellants-respondents.
Gilbert LLP, New York (Daniel I. Wolf of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Andrea Masley, J.), entered June 11, 2021, which granted defendants' motion to dismiss the complaint to the extent of dismissing the second cause of action for accounting malpractice as pertains to the tax years 2012 to 2015 and otherwise denied the motion, unanimously modified, on the law, to dismiss the complaint in its entirety, and otherwise affirmed, with costs against plaintiff.
As to the first cause of action, plaintiff never refuted defendants' contention that he sustained no damages as a result of any purported error on their part in preparing the 2016 tax returns causing him to incur liability to the Internal Revenue Service (see generally Herbert H. Post & Co. v Sidney Bitterman, Inc., 219 AD2d 214, 223 [1st Dept 1996]). The complaint alleges that, as a result of defendants' error in reporting that plaintiff had paid quarterly estimated taxes totaling $78,760 for 2016, plaintiff was required to pay a penalty of $1944.83 for his failure to make these estimated tax payments, and interest of $198.76 to the IRS, and the parties do not dispute that he may not recover the underestimation penalty and the interest imposed by the IRS (Alpert v Shea Gould Climenko & Casey, 160 AD2d 67, 71-72 [1st Dept 1990]). Arguably, plaintiff may recover the failure to pay penalty of $393.80. However, plaintiff's affidavit in opposition to defendants' motion to dismiss never refuted the relevant portion of defendants' supporting affidavit and the critical May 2, 2017 email, wherein plaintiff was advised that defendants credited this de minimis penalty against plaintiff's account for fees he owed defendants (see Art & Fashion Group Corp. v Cyclops Prod., Inc., 120 AD3d 436, 438 [1st Dept 2014]["Email correspondence can, in a proper case, suffice as documentary evidence for purposes of CPLR 3211 [a] [1]"]).
The second cause of action for accounting malpractice, which was dismissed with respect to the years 2012 to 2015, should be dismissed with respect to the tax year 2016 as well, since plaintiff pleaded guilty to federal criminal charges of evasion of the payment of personal income tax for the tax years 2012 to 2016. As his admissions of intentional tax evasion are fundamentally inconsistent with any claim that defendants' accounting advice proximately caused him to break the law, leading to his conviction and the payment of fines and penalties, plaintiff is collaterally estopped to assert an
inconsistent claim of accounting malpractice (see generally City of New York v College Point Sports Assn., Inc., 61 AD3d 33, 43 [2d Dept 2009]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022