| |
|---|
| **Broadwall Mgt. Corp. v Federal Ins. Co.** |
| 2024 NY Slip Op 31032(U) |
| March 27, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 656468/2021 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 48

-------------------------------------------------------------------------------X

BROADWALL MANAGEMENT CORP., CRESCENT LAND
DEVELOPMENT ASSOCIATES, LLC, NORTH
RIVERSIDE PARK ASSOCIATES, LLC,261 FIFTH
AVENUE, LLC, NORMANDY 261 FIFTH AVENUE, LLC,
QUENTIN ROOSEVELT ASSOCIATES, LLC,
FROEHLICH ASSOCIATES, LLC,2001 MARCUS
AVENUE, LLC, PINE VALLEY ASSOCIATES LLC, and
FEIL-BLS, LLC,

|  |  |
|---|---|
| INDEX NO. | 656468/2021 |
| MOTION DATE | |
| MOTION SEQ. NO. | 001 |

Plaintiffs,

**DECISION + ORDER ON
MOTION**

- v -

FEDERAL INSURANCE COMPANY,

Defendant.

-------------------------------------------------------------------------------X

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75

were read on this motion to/for _____DISMISSAL_____.

Upon the foregoing documents, it is

In motion sequence no. 001, defendant Federal Insurance Company moves

pursuant to CPLR 3211 (a) (1) and (7) to dismiss this action. Plaintiffs cross-move

pursuant to CPLR 3025 (b) to amend the complaint to add the fungus provisions of the

insurance policy at issue as a basis for coverage.

**Background**

Unless indicated otherwise, the following facts are taken from the complaint and,

for the purposes of this motion, are accepted as true. Plaintiffs own and manage a

portfolio of real estate properties. (NYSCEF Doc. No. [NYSCEF] 13, Complaint ¶ 1.)

**656468/2021 BROADWALL MANAGEMENT CORP. ET AL vs. FEDERAL INSURANCE
COMPANY
Motion No. 001**

**Page 1 of 11**

1 of 11

On May 15, 2019, plaintiffs procured an "all risk" insurance policy (Policy) from defendant for their real estate properties. (*Id.* ¶ 3.) The Policy was effective from May 15, 2019 to May 20, 2020 and was in full force and effect during the Covid-19 pandemic. (*Id.*) Several states issued closure orders to curb the spread of the Covid-19 virus. (*Id.* ¶ 7.) Due to the closure orders and the spread of the Covid-19 virus, plaintiffs' tenants stopped paying rent because they were not able to utilize the properties. (*Id.* ¶ 8.) Plaintiffs incurred great economic damage and claimed coverage under the Policy for damages incurred between April 1, 2020 through May 6, 2020. (*Id.* ¶¶ 8, 62.) The Policy provides "coverage for, *inter alia*, physical loss or damages, as well as losses of income due to business interruption." (*Id.* ¶ 53; *see generally* NYSCEF 12, Policy.) Defendant failed to respond to plaintiffs' claim within the time prescribed by Insurance Law § 216.6, leading plaintiffs to bring this action for breach of contract. (*Id.* ¶¶ 63-65.) In their complaint, plaintiffs rely on the following provisions of the Policy:

> **"Building And Personal Property**
>
> We will pay for direct physical loss or damage to:
>
> - **building**; or
> - **personal property**,
>
> caused by or resulting from a peril not otherwise excluded, not to exceed the applicable Limit of Insurance for Building or Personal Property shown in the Declarations." (NYSCEF 12, Policy at 47[1]; NYSCEF 13, Complaint ¶ 56.)
>
> **"Business Income With Extra Expense**
>
> *Business Income And Extra Expense*
>
> We will pay for the actual:

---

[1] NYSCEF pagination

**656468/2021 BROADWALL MANAGEMENT CORP. ET AL vs. FEDERAL INSURANCE COMPANY**
**Motion No. 001**

**Page 2 of 11**

2 of 11

- **Business income** loss you incur due to the actual impairment of your **operations**; and
- **Extra expense** you incur due to the actual or potential impairment of your **operations**,

during the **period of restoration**, not to exceed the applicable Limit Of Insurance for Business Income With Extra Expense shown in the Declarations.

This actual or potential impairment of **operations** must be caused by or result from direct physical loss or damage by a **covered peril** to **property**, unless otherwise stated." (NYSCEF 12, Policy at 76; NYSCEF 13, Complaint ¶ 57.)

*"Civil Authority*

We will pay for the actual:

- **business income** loss; or
- **extra expense**,
  you incur due to the actual impairment of your **operations**, directly caused by the prohibition of access to:
- your premises; or
- a **dependent business premises**,
  by a civil authority.

This prohibition of access by civil authority must be the direct result of direct physical loss or damage to property away from such premises or such **dependent business premises** by a **covered peril**, provided such property is within:

- one mile; or
- the applicable miles shown in the Declarations,

from such premises or **dependent business premises**, whichever is greater." (*Id.* at 78-79.)  The Policy also stipulates that all "words and phrases that appear in **bold** print have special meanings and are defined in the Property/Business Income Conditions And Definitions form". (NYSCEF 12, Policy at 78-79; NYSCEF 13, Complaint ¶ 58.)

Plaintiffs cross-move to amend the complaint to include additional provisions of

the Policy which they assert provide coverage for the losses incurred. Specifically,

plaintiffs seek to amend the complaint to add Policy provisions that provide coverage for

**656468/2021   BROADWALL MANAGEMENT CORP. ET AL vs. FEDERAL INSURANCE COMPANY**
**Motion No.  001**

**Page 3 of 11**

3 of 11

[* 3]

loss from, or the clean up or removal of, fungus at plaintiffs' premises. (Fungus Provisions). The plaintiffs seek to add and rely on the following Fungus Provisions:

**"Business Income With Extra Expense**
Fungus Clean-up Or Removal

We will pay for the actual:

- **business income** loss; and
- **extra expense**,

you incur due to the actual impairment of your **operations** during the **period of restoration**, not to exceed the applicable Limit of Insurance for Business Income With Extra Expense shown in the Declarations.

This actual impairment of **operations** must be caused by or result from the presence of **fungus** at your premises shown in the Declarations. Coverage will begin immediately after the date the **fungus** first appeared and will end

- 45 consecutive days after this coverage begins; or
- when your **business income** coverage ends,

whichever occurs first

This Premises Coverage does not apply if the presence of **fungus**:

A. is caused by or results from:
1. a peril that is not a **covered peril**; or
2. moisture, other than **water** or **flood**, if **flood** would be covered under this insurance;
B. existed prior to the effective date shown in the Declarations;
C. is not reported to us in writing as soon as possible after you first become aware, or in the exercise of reasonable care should have been aware, of the presence of **fungus**; or
D. is at premises shown under Excluded Premises in the Declarations."
(NYSCEF 12, Policy at 76-77; NYSCEF 47, Proposed Amended Complaint Redline Copy ¶ 61.)

**"Extra Expense**

Fungus Clean-up Or Removal

We will pay for the actual **extra expense** you incur due to actual impairment of your **operations** during the **period of restoration**, not to

**656468/2021   BROADWALL MANAGEMENT CORP. ET AL vs. FEDERAL INSURANCE COMPANY**
**Motion No.  001**

**Page 4 of 11**

exceed the applicable Limit Of Insurance For Extra Expense shown in the Declarations.

This actual impairment of **operations** must be caused by or result from the presence of **fungus** at your premises shown in the Declarations. Coverage will begin immediately after the date the fungus first appeared and will end:

- 45 consecutive days after this coverage begins; or
- when your impairment **of operations** ends,

whichever occurs first.

This Premises Coverage does not apply if the presence of **fungus**:

A. is caused by or results from·
1. a peril that is not a **covered peril**; or
2. moisture, other than **water** or **flood**, if **flood** would be covered under this insurance;

B. existed prior to the effective date shown in the Declarations;

C. is not reported to us in writing as soon as possible after you first become aware, or in the exercise of reasonable care should have been aware, of the presence of **fungus**; or

D. is at premises shown under Excluded Premises in the Declarations." (NYSCEF 12, Policy at 107-108; NYSCEF 47, Proposed Amended Complaint Redline Copy ¶ 60.)

The Policy defines fungus as

"**Fungus** means any:

A.      1. mildew, mold, or other fungi;
        2. other microorganisms; or
        3. any mycotoxins, spores, or other by-products of the foregoing; or

B. Colony or group of any of the foregoing." (NYSCEF 12, Policy at 148.)

Plaintiffs claim that the SARS-CoV-2 virus has been characterized as a microorganism by several infectious disease experts and as such is a fungus for the purposes of the Policy.

**656468/2021   BROADWALL MANAGEMENT CORP. ET AL vs. FEDERAL INSURANCE COMPANY**
**Motion No.  001**

**Page 5 of 11**

## Discussion

<u>Defendant's Motion to Dismiss</u>

On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory." (*Leon v Martinez*, 84 NY2d 83, 87-88[1994] [citation omitted].) To prevail on a CPLR 3211(a)(1) motion to dismiss, the movant has the "burden of showing that the relied-upon documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim." (*Fortis Fin. Servs. v Fimat Futures USA*, 290 AD2d 383, 383 [1st Dept 2002] [internal quotation marks and citation omitted].) "A cause of action may be dismissed under CPLR 3211 (a)(1) only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law." (*Art and Fashion Group Corp. v Cyclops Prod., Inc.*, 120 AD3d 436, 438 [1st Dept 2014] [internal quotation marks and citation omitted].)

The Policy provisions relied upon by plaintiffs in the complaint require a showing of 'physical loss or damage' to be triggered. Defendant contends that this requires a physical problem with the covered property and not merely loss of use, and thus, Covid-19 did not cause direct physical loss or damage.

In *Consolidated Rest. Operations, Inc. v. Westport Ins. Corp.*, 205 AD3d 76, 78 (1st Dept, 2022), *affd* ___NY3d___, 2024 NY Slip Op 00795 (2024), the Appellate Division, First Department held that

"where a policy specifically states that coverage is triggered only where there is direct physical loss or damage to the insured property, the policy

**656468/2021  BROADWALL MANAGEMENT CORP. ET AL vs. FEDERAL INSURANCE COMPANY**
**Motion No.  001**

**Page 6 of 11**

6 of 11

[* 6]

holder's inability to fully use its premises as intended because of COVID-19, without any actual, discernable, quantifiable change constituting physical difference to the property from what it was before exposure to the virus, fails to state a cause of action for a covered loss."

The First Department further observed that conclusory assertions that Covid-19 caused physical damage to the insured property fail to state a basis for coverage where the policy requires "direct physical loss or damage" to the property to trigger coverage. (*Id.* at 83.)

In February 2024, the Court of Appeals affirmed the First Department's decision. (*Consolidated Rest. Operations, Inc. v Westport Ins. Corp.*, ___NY3d___, 2024 NY Slip Op 00795, *8 [2024] ["we conclude that CRO did not sufficiently allege 'direct physical loss or damage'"].) The Court of Appeals held that "'Physical damage' must be understood to require a material physical alteration to the property—one that is perceptible, even if not visible to the naked eye." (*Id.* at *4 [citation omitted].) In regard to a direct physical loss, the Court of Appeals found coverage for direct physical loss cannot be collapsed into coverage for loss of use, opining that "[l]osing a thing is conceptually different than losing the functional use of that thing for a period of time." (*Id.* [internal quotation marks and citations omitted].) The Court concluded that a "'[d]irect physical loss'" thus requires more than loss of use; it requires an actual, complete dispossession." (*Id.*)

Thus, *Consolidated Restaurant* precludes plaintiffs from relying upon Policy provisions which require a showing of direct physical loss or damage when seeking damages incurred only due to an inability to use the insured premises due to the Covid-19 pandemic. Plaintiffs conceded this at argument. (NYSCEF 77, tr at 5:24-6:3 ["If the Court of Appeals doesn't reverse Consolidated Restaurant, I agree that under current

**656468/2021 BROADWALL MANAGEMENT CORP. ET AL vs. FEDERAL INSURANCE COMPANY**
**Motion No. 001**

**Page 7 of 11**

7 of 11

precedent, I have no ability to advocate successfully a loss of use theory as it relates to what physical loss or damage means"].)  Therefore, defendant's motion to dismiss is granted.

Plaintiffs' Cross-Motion to Amend

"[L]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit . . . , and the decision whether to grant leave to amend a complaint is committed to the sound discretion of the court." (*Davis v S. Nassau Communities Hosp.*, 26 NY3d 563, 580, [2015] [internal quotation marks and citations omitted]; see also CPLR 3025 [b].) "[A] proposed amendment that cannot survive a motion to dismiss should not be permitted." (*Olam Corp. v Thayer*, 2021 NY Slip Op 30345[U], *2 [Sup Ct, NY County 2021] [internal quotation marks and citations omitted].)  "A proposed amended complaint that would be subject to dismissal as a matter of law is, by definition, 'palpably insufficient or clearly devoid of merit' and thus should not be permitted under CPLR 3025." (*Id.* at 3-4.)

Plaintiffs now seek leave to amend the complaint to add the Fungus Provisions as a basis for coverage.  These provisions provide coverage for loss of business income due to the impairment of operations at the insured properties, as well as actual extra expense incurred due to actual impairment of operations during a period of restoration, due to the presence of fungus.  Plaintiffs contend that the Fungus Provisions do not require a finding of 'physical loss or damage' to trigger coverage. Defendant disagrees.  Defendant also argues that plaintiffs failed to comply with the Policy's notice requirements as they provided no notice of the presence of fungus at the

656468/2021   BROADWALL MANAGEMENT CORP. ET AL vs. FEDERAL INSURANCE COMPANY
Motion No. 001

Page 8 of 11

8 of 11

insured properties. Lastly, defendant contends that the Covid-19 virus is not a fungus as defined in the Policy.

> "Under New York law, insurance contracts are construed by applying general principles of contract interpretation. A contractual provision is unambiguous if its language has a definite and precise meaning, unattended by danger of misconception in the purport of the policy itself, and concerning which there is no reasonable basis for a difference of opinion. Unambiguous provisions of an insurance contract, like any contract, "must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court." (*Consolidated Rest. Operations, Inc*, ___NY3d___, 2024 NY Slip Op 00795, *4 [internal quotation marks and citations omitted].)

The Business Income and Extra Expense Fungus Provisions only provide coverage for loss of business income and extra expense incurred due to the "actual impairment of operations" during the "period of restoration." (NYSCEF 12, Policy at 76, 107.) As defined in the Policy, the term "period of restoration" envisages "direct physical loss or damage" to the insured properties. (*Id*. at 154 ["**Period of restoration** means the period of time that, for **business income**, begins: A. immediately after the time of direct physical loss or damage by a **covered peril** to **property**; or B. on the date **operations** would have begun if the direct physical loss or damage had not occurred ... . **Period of restoration** means the period of time that, for **extra expense**, begins immediately after the time of direct physical loss or damage by a **covered peril** to **property**."].) Even though the Business Income and Extra Expense Fungus provisions do not explicitly mention direct physical loss or damage, the provisions are only applicable in the context of a period of restoration with such period of restoration resulting from physical loss or damage that must be repaired or replaced. (*Id*.)

Period of restoration is a defined term as quoted above. The provisions at issue, which provide coverage only for loss incurred during the period of restoration, are

**656468/2021 BROADWALL MANAGEMENT CORP. ET AL vs. FEDERAL INSURANCE COMPANY
Motion No. 001**

**Page 9 of 11**

[* 9]

9 of 11

to be interpreted in the context of the meaning assigned to the term period of restoration by the parties. These provisions therefore only apply and provide coverage in the event of a physical loss or damage to the insured properties. In coming to this conclusion, the court has not artificially added the terms physical loss or damage to the provisions in issue; rather, it has interpreted these provisions in accordance with the standard principles of contract interpretation.

Plaintiffs' reliance on *Deer Mt. Inn LLC v Union Ins. Co.,* 541 F Supp 3d 235 (NDNY 2021) is unavailing. In a footnote, the NDNY Court stated,

> "Plaintiff also argues that [h]ad [Defendant] intended loss to require physical alteration of the property, it should have written a definition for physical loss into the policy to say that, not slipped a definition or qualification upon loss through the back door in the definition of a separate term in the policy. Plaintiff's arguments miss the mark. The phrase direct physical loss of or damage to property unambiguously excludes the losses Plaintiff complains of here even without considering the period of restoration definition, because those losses are simply not direct physical losses within the ordinary meaning of that phrase. The period of restoration definition thus does not render an otherwise ambiguous phrase unambiguous by slipp[ing] a definition or qualification upon loss through the back door; rather, when viewed together with the language limiting coverage to direct physical loss of or damage to property, it merely further demonstrates that the Policy as a whole contemplates coverage only for losses that are physical in nature. (*Deer Mt. Inn LLC v Union Ins. Co.,* 541 F Supp 3d at 247, n 13 [internal quotation marks and citation omitted].)

In *Deer Mountain Inn*, the business income and extra expenses provisions at issue contained the language direct physical loss or damage; the NDNY Court found additional support in the definition of the period of restoration which contemplated physical loss or damage to hold that the provisions did not provide coverage in the absence of any direct physical damage to the insured properties. (*Deer Mt.,* 541 F Supp 3d at 246-247.) The NDNY Court did not reject an attempt to read coverage limits into the term period of restoration as plaintiffs suggest.

**656468/2021   BROADWALL MANAGEMENT CORP. ET AL vs. FEDERAL INSURANCE COMPANY**
**Motion No.  001**

**Page 10 of 11**

10 of 11

[* 10]

Here, the Fungus Provisions do require direct physical loss or damage, and as discussed above, *Consolidated Restaurant* precludes plaintiffs from relying upon provisions of the Policy which require a showing of direct physical loss or damage. (*Consolidated Rest. Operations, Inc.*, 2024 NY Slip Op 00795, *4.) A mere inability to use a property does not trigger coverage under provisions requiring direct physical loss or damage. (*Id.* [holding that "'[d]irect physical loss' thus requires more than loss of use; it requires an actual, complete dispossession"].) Thus, plaintiffs' cross-motion to amend the complaint to add a claim under the Fungus Provisions is "clearly devoid of merit" and is denied to this extent. (*Olam Corp.*, 2021 NY Slip Op 30345[U], *4.) Accordingly, it is

ORDERED that defendant's motion to dismiss the complaint herein is granted and the complaint is dismissed in its entirety as against said defendant, with costs and disbursements to said defendant as taxed by the Clerk of the Court, and the Clerk is directed to enter judgment accordingly in favor of said defendant; and it is further

ORDERED that the plaintiffs' motion for leave to amend the complaint is denied.

| 3/27/2024 | | | | ANDREA MASLEY, J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**656468/2021   BROADWALL MANAGEMENT CORP. ET AL vs. FEDERAL INSURANCE COMPANY**
Motion No. 001

Page 11 of 11

11 of 11