## Khan v Mediamorph, Inc.

2024 NY Slip Op 31201(U)

April 7, 2024

Supreme Court, New York County

Docket Number: Index No. 656125/2019

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

------------------------------------------------------------------------------X

IMTIAZ KHAN, BRUCE MEYERS, WINDSOR STREET CAPITAL, L.P. F/K/A MEYERS ASSOCIATES, L.P., FATOS MUCHA, CHASSMAN BLECH 2013 TRUST, SPRING CHARITABLE REMAINDER TRUST, MICHAEL STONE, ROBERT SEGUSO, WARIS IRREVOCABLE TRUST, JEFFREY BAUM, FARHAN SHARAFF, BARBARA MISHAN, NAUSIKA AHMETI MUCHA,

Plaintiffs,

- v -

MEDIAMORPH, INC., ROBERT GARDOS, MICHAEL HUSEBY, MICHAEL SID, KENT JARVI, SHAHID KHAN, JONATHAN LERNER, NOMI BERGMAN, ROBERT TOMS, ROBERT GREENE, STEWART TILL, BARRY BAKER, SMEDVIG CAPITAL LTD (AS NOMINEE FOR SMEDVIG CAPITAL FUND X LP)

Defendants.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 656125/2019 |
| MOTION DATE | |
| MOTION SEQ. NO. | 004 005 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 004) 80, 81, 82, 100, 102, 104, 105, 106, 107, 113, 127, 129, 130

were read on this motion to/for _____ DISMISS _____ .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 83, 84, 85, 86, 87, 88, 89, 90, 101, 103, 108, 109, 110, 111, 114, 128

were read on this motion to/for _____ DISMISSAL _____ .

This action arises form a merger transaction involving defendant Mediamorph,

Inc. (MMI), whose common stock plaintiffs owned.[1]  In motion sequence 004,

defendants MMI, Robert Gardos, Michael Huseby, Michael Sid, Kent Jarvi, Shahid

Khan, Jonathan Lerner, Nomi Bergman, Robert Toms, Robert Greene, Stewart Till, and

---

[1] The background of this action is set forth in this court's decision on the movants' previous motions to dismiss.  (NYSCEF Doc. No. [NYSCEF] 67, Decision and Order at 2-8 [mot. seq. nos. 001, 002].)

**656125/2019   KHAN, IMTIAZ vs. MEDIAMORPH, INC.**
**Motion No.  004 005**

**Page 1 of 9**

[* 1]

Barry Baker (collectively, MMI Defendants) move to dismiss the amended complaint pursuant to CPLR 3211(a)(7). In motion sequence 005, defendant Smedvig Capital Ltd. (Smedvig) moves to dismiss the amended complaint pursuant to CPLR 3211(a)(1) and (7). Movants are the only remaining defendants in this action.[2]

The court previously dismissed the breach of fiduciary duty and aiding and abetting breach of fiduciary duty claims with leave to replead "in compliance with CPLR 3016(b)." (NYSCEF 67, Decision and Order at 25 [mot. seq. nos. 001, 002].)[3] Plaintiffs filed an amended complaint, in which they allege claims for (1) breach of fiduciary duty against the MMI Defendants, (2) aiding and abetting breach of fiduciary duty against Smedvig, and (3) unjust enrichment against all defendants and seek a declaratory judgment. (NYSCEF 70, Amended Complaint [AC] ¶¶ 85-113.[4])

---

[2] The court dismissed defendants Whip Networks, Inc., TV Time, Inc., and Whip Media Group. (NYSCEF 96, Decision and Order at 1 [mot. seq. no. 003].)

[3] The court dismissed the third cause of action (breach of contract) with leave to replead as to certain defendants. (NYSCEF 67, Decision and Order at 24-25 [mot seq. nos. 001, 002].) Plaintiffs did not replead. The court dismissed the fourth (conversion), fifth (tortious interference), and seventh (accounting) causes of action with prejudice. (*Id.*)

[4] Plaintiffs fail to submit "a red-line copy [of the amended complaint] identifying all modifications or additions." (Part 48 Procedure 11.) Upon review of the amended complaint, the following changes have been made: (1) plaintiffs added ¶¶ 66-75, 91 and 106; (2) plaintiffs amended ¶ 88 (d), which corresponds to ¶ 78 (d) of the initial complaint, to add "in violation of their fiduciary duties, including" (i.e., "[t]he defendants breached these fiduciary duties in multiple respects, including ... (d) approving interested director transactions in violation of their fiduciary duties, including without undertaking proper steps to comply with required procedures for such transactions or protecting the interests of the plaintiffs" [emphasis added]); and (3) plaintiffs attach select pages of the Information Statement, dated October 18, 2019, pertaining to the merger and Proposed Resolutions of the Board of Directors of MMI, dated October 11, 2019, as exhibits. (*See* NYSCEF 70, AC.)

**656125/2019   KHAN, IMTIAZ vs. MEDIAMORPH, INC.**
**Motion No.  004 005**

**Page 2 of 9**

## Discussion

"A cause of action may be dismissed under CPLR 3211(a)(1) only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law." (*Art and Fashion Group Corp. v Cyclops Prod., Inc.*, 120 AD3d 436, 438 [1st Dept 2014] [internal quotation marks and citation omitted].)

On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory." (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994].) "[B]are legal conclusions, as well as factual claims which are either inherently incredible or flatly contradicted by documentary evidence" cannot survive a motion to dismiss. (*Summit Solomon & Feldesman v Lacher*, 212 AD2d 487, 487 [1st Dept 1995] [citation omitted].) "Where a cause of action … is based upon misrepresentation, fraud, mistake, wilful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail." (CPLR § 3016 [b].)

"New York choice-of-law rules provide that substantive issues such as issues of corporate governance, including the threshold demand issue, are governed by the law of the state in which the corporation is chartered." (*Lerner v Prince*, 119 AD3d 122, 128 [1st Dept 2014] [citations omitted].) New York's choice-of-law rules impose New York law over matters of procedure. (*Id.* at 127.) The parties agree that Delaware law applies to the substantive issues here.

**656125/2019   KHAN, IMTIAZ vs. MEDIAMORPH, INC.**
**Motion No.  004 005**

**Page 3 of 9**

3 of 9

Breach of Fiduciary Duty Claim Against MMI Defendants

The court previously dismissed the breach of fiduciary duty claim because plaintiffs "failed to sufficiently allege facts to support the fiduciary duty claims against MMI ... or the MMI Directors." (NYSCEF 67, Decision and Order at 15 [mot. seq. nos. 001, 002].) The court explained:

"Plaintiffs' allegations are either conclusory or sound in breach of contract. The complaint includes allegations of the defendants' failures such as: failing to protect common shareholders interest, favoring personal interest and funneling profits from the sale transaction, failing to comply with required procedures to approve directors or the merger, golden parachute payments to directors, failing to maximize shareholder value, depriving common shareholders of voting rights, and failing to follow the special committee's recommendation to pay the common stockholders at least $4.5 million. However, these allegations are absent any detail as to the common questions of who, what, when, where, and how. The complaint contains blanket allegations about defendants without sufficient detail.

For example, plaintiffs do not allege the directors were on both sides of the merger transaction and engaged in self-dealing. Without those allegations, plaintiffs must allege and identify how the directors received a benefit so material that it makes it improbable they could independently perform their duties. Allegations [that] the directors received a $4.5 million golden parachute payout, without identifying what amount each director was paid or how that payment is material is insufficient to allege they were interested in the transaction. Simply stating the defendants failed to maximize value for the shareholders does not meet the pleading standard.

The breach of fiduciary duty claim is dismissed with leave to replead due to inadequate pleading to allege MMI's board's breach of its duties." (*Id.* at 15-16 [citations omitted].)

The MMI Defendants argue that the breach of fiduciary duty claim, as repleaded in the amended complaint, must be dismissed because plaintiffs added no new factual allegations.

In the newly added paragraphs, plaintiffs, for the most part, merely reiterate the allegations already included in the initial complaint, which this court found insufficient to

**656125/2019   KHAN, IMTIAZ vs. MEDIAMORPH, INC.**                    **Page 4 of 9**
**Motion No. 004 005**

4 of 9

[* 4]

state a breach of fiduciary duty claim. (*Compare* NYSCEF 2, Complaint ¶¶ 21-29, 78 [h], *with* NYSCEF 70, AC ¶¶ 68, 91.) The minimal new factual allegations regarding director defendants Shahid Khan and Greene are woefully insufficient "to allege and identify how the directors received a benefit so material that it makes it improbable they could independently perform their duties." (NYSCEF 67, Decision and Order at 16 [mot. seq. nos. 001, 002] [citations omitted].) Specifically, the new factual allegations include allegations that Shahid Khan "held Company Common Stock and Company Options" (NYSCEF 70, AC ¶ 68 [b]) and that Greene "was an affiliate of LGI Ventures B.B.... [which] held preferred stock in MMI and also had warrants to purchase additional Company stock." (*Id.* ¶ 68 [e].) Plaintiffs also allege that defendant Gardos, MMI's former CEO, would receive a material benefit, i.e., "a management incentive bonus in connection with the closing of the merger of $2.7 million." (*Id.* ¶¶ 21, 71; *see Orman v Cullman*, 794 A2d 5, 30-31 [Del Ch 2002] [finding that a director "cannot be considered independent and disinterested" where the director would receive a $3.3 million benefit as the result of a merger].) However this allegation evidences that only one director, not a majority of them, was self-interested. (*See Miramar Firefighters Pension Fund*, 2013 WL 4033905, *3 ["For a duty of loyalty claim to survive a motion to dismiss, the complaint must state facts that reasonably support the inference that a majority of the directors (1) were self-interested or not independent or (2) acted in bad faith" (citations omitted)].)

Finally, the Information Statement and Proposed Resolutions of the Board of Directors of MMI, which are attached to the amended complaint, largely reiterate the factual allegations about the MMI directors that were already included in the initial

**656125/2019 KHAN, IMTIAZ vs. MEDIAMORPH, INC.**
**Motion No. 004 005**

**Page 5 of 9**

complaint, and thus, are insufficient to cure the complaint's deficiencies. (*See* NYSCEF 70, AC at ex. A, B [Information Statement at 29-30; Proposed Resolution at 2-3].) Accordingly, this claim again fails because plaintiffs have not alleged facts to support MMI board's breach of its fiduciary duties. This claim is dismissed.

Aiding and Abetting Breach of Fiduciary Duty Claim Against Smedvig

As the underlying breach of fiduciary duty is dismissed, this claim cannot be sustained.

Unjust Enrichment against all Defendants

Defendants previously moved to dismiss the unjust enrichment claim as duplicative of the breach of contract and breach of fiduciary duty claims. As the court dismissed the breach of contract and breach of fiduciary duty claims, the unjust enrichment claim was sustained. (NYSCEF 67, Decision and Order at 23-24 [mot. seq. nos. 001, 002] [citations omitted].)

Defendants now argue that this claim fails because (i) plaintiffs fail to allege lack of justification and (ii) the Certificate of Incorporation governed the distribution of merger consideration. In their approximately two-page opposition brief, plaintiffs fail to address these arguments. Plaintiffs' bare reference to their opposition brief pertaining to defendants' previous motions to dismiss is unavailing as the opposition brief does not address these newly raised arguments. (*See* NYSCEF 54 & 55, Plaintiffs Opp MOL [mot. seq. nos. 001, 002].) Accordingly, the unjust enrichment claim is dismissed. (*See e.g. Butler v City of NY*, 202 AD3d 471, 472 [1st Dept 2022] [dismissing a false imprisonment claim where plaintiff "failed to oppose defendants' motion to dismiss on untimeliness grounds"].)

**656125/2019   KHAN, IMTIAZ vs. MEDIAMORPH, INC.**
**Motion No.  004 005**

**Page 6 of 9**

6 of 9

Nevertheless, plaintiffs have not sufficiently stated a claim for unjust enrichment. "The elements of unjust enrichment are: (1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and the impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law." (*Windsor I, LLC v CWCapital Asset Mgt. LLC*, 238 A3d 863, 875 [Del 2020] [internal quotation marks and citation omitted].) "[U]njust enrichment requires an absence of justification for the transfer that enriches one party and impoverishes the other. That requirement usually entails some type of wrongdoing or mistake at the time of the transfer." (*Terr. of the U.S. Virgin Is. v Goldman, Sachs & Co.*, 937 A2d 760, 796, n 161 [Del Ch 2007].) Here, plaintiffs fail to sufficiently allege that defendants' actions were without justification.

Declaratory Judgment

Finally, plaintiffs seek a declaration that the release contained in the Letter of Transmittal (LOT) is void and unenforceable to the extent signed. Defendants previously argued that any claims made by plaintiffs who signed the LOTs must be dismissed because the LOTs were part of the Merger Agreement and unambiguous. The MMI Defendants maintained that the unambiguous language of the LOTs released them from certain claims. This court held that it could not "determine the enforceability of the LOTs as a matter of law" because "a factual issue exists as to whether the signed LOT was part of the bargained for exchange of the merger consideration." (NYSCEF 67, Decision and Order at 9-10 [mot. seq. nos. 001, 002].) Accordingly, the court sustained the declaratory judgment claim. (*Id.* at 24.)

Defendants now argue that because the amended complaint fails to state any viable causes of action irrespective of whether LOTs are enforceable, the issue of

656125/2019   KHAN, IMTIAZ vs. MEDIAMORPH, INC.
Motion No.  004 005

Page 7 of 9

LOTs' enforceability is moot, and thus any declaratory judgment on this issue would serve no useful purpose. Plaintiffs fail to oppose this newly raised argument in its current opposition brief. Plaintiffs' opposition brief addressing defendants' previous motions to dismiss does not address this new argument. (*See* NYSCEF 54 & 55, Plaintiffs Opp MOL [mot. seq. nos. 001, 002].) Accordingly, the declaratory judgment claim is dismissed. (*Butler*, 202 AD3d at 472.)

Nevertheless, "[a]s a matter of discretion, the Court may refuse to grant declaratory relief where such a remedy would serve no useful purpose. Such is the case either where declaratory relief will not terminate the uncertainty or controversy giving rise to the proceedings, or where another available remedy would be more effective." (*Phillips Petroleum Co. v Arco Alaska, Inc.*, 1985 Del. Ch. LEXIS 414, at *14-15 [Ch May 15, 1985, No. 7177].) The court agrees with defendants that, with the dismissal of the other claims, a declaration as to the enforceability of the LOTs serves no useful purpose here as plaintiffs have failed to state claims for breach of fiduciary duty, aiding and abetting in such breach, and unjust enrichment irrespective of whether the LOTs are enforceable.

The court has considered the balance of the parties' arguments and finds that they do not affect the outcome.

Accordingly, it is

ORDERED that Mediamorph, Inc., Robert Gardos, Michael Huseby, Michael Sid, Kent Jarvi, Shahid Khan, Jonathan Lerner, Nomi Bergman, Robert Toms, Robert Greene, Stewart Till, and Barry Baker's motion to dismiss (seq. no. 004) is granted and the amended complaint is dismissed in its entirety as against these defendants, with

**656125/2019   KHAN, IMTIAZ vs. MEDIAMORPH, INC.**
**Motion No.  004 005**

**Page 8 of 9**

8 of 9

[* 8]

costs and disbursements to the defendants as taxed by the Clerk of the Court, and the

Clerk is directed to enter judgment accordingly in favor of the defendants; and it is

further

ORDERED that Smedvig Capital Ltd.'s motion to dismiss (seq. no. 005) is

granted and the amended complaint is dismissed in its entirety as against this

defendant, with costs and disbursements to the defendant as taxed by the Clerk of the

Court, and the Clerk is directed to enter judgment accordingly in favor of the defendant.

| 4/7/2024 | | ANDREA MASLEY, J.S.C. |
|---|---|---|
| **DATE** | | |

CHECK ONE:      [X] CASE DISPOSED            [ ] NON-FINAL DISPOSITION

                [X] GRANTED      [ ] DENIED   [ ] GRANTED IN PART      [ ] OTHER

APPLICATION:    [ ] SETTLE ORDER              [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:  [ ] INCLUDES TRANSFER/REASSIGN   [ ] FIDUCIARY APPOINTMENT   [ ] REFERENCE

**656125/2019   KHAN, IMTIAZ vs. MEDIAMORPH, INC.**
**Motion No.  004 005**

Page 9 of 9

9 of 9

[* 9]