| **Haut v Danella Constr. of NY, Inc.** |
| 2024 NY Slip Op 32043(U) |
| June 18, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154884/2023 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JUDY H. KIM** PART **04**

*Justice*

-------------------------------------------------------------------------X

MARK HAUT,

Plaintiff,

- v -

DANELLA CONSTRUCTION OF NY, INC., MONTAUK
SERVICES, INC.,

Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154884/2023 |
| MOTION DATE | 07/06/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34

were read on this motion to _____ DISMISS _____.

Upon the foregoing documents, defendant Danella Construction of NY's motion to dismiss this action is denied and plaintiff's cross-motion to consolidate this action with Mark Haut v Consolidated Edison Company of New York, Inc. et al, pending in New York State Supreme Court, New York County under index number 153071/2021, is granted for the reasons set forth below.

In his complaint, plaintiff alleges that on August 30, 2020, he tripped and fell on the sidewalk abutting 240 East 41st Street and 222 East 41st Street, New York, NY due to an "irregular, uneven hazardous condition," sustaining injuries. Plaintiff asserts a negligence claim against defendants on the grounds that they created this dangerous conditions while performing work at the subject location.

Defendant Danella Construction of NY ("Danella") now moves, pursuant to CPLR 3211(a)(1) and (7), to dismiss the complaint. In support of its motion, Danella submits an affidavit

from Charles Agro, the superintendent of its Steam Operations department, in which he attests that:

> Danella contracted with Consolidated Edison Company of New York, Inc. ("Con Edison"), to perform a steam services upgrade at the premises located at 222 E 41 Street, New York, New York ("Project")
>
> …
>
> Danella's work at the Project included cutting of the pavement and asphalt restoration at the sidewalk located at 222 E 41 Street, New York, New York according to the permit indicated in the Con Edison's Report of Street and/or Sidewalk Openings – Street segment attached hereto as Exhibit D. The permit was issued only for the street segment situated at 222 E 41st Street, New York, New York and Danella performed work only at the sidewalk in front of the building at 222 E 41st Street, New York, New York
>
> Danella's work at the Project lasted between July 22, 2017 and October 15, 2017, 3 years before the Plaintiff's alleged accident. I enclose as Exhibit E Con Edison's Worksheet Items and the Account Distribution Report according to which Con Edison approved the final cost and the payment of the services performed by Danella at the Project
>
> …
>
> I have also reviewed the Google Map photos taken in August 2017 depicting Danella's construction site at the project which was submitted in Index no.: 153071/2021… Plaintiff's half flag is located on the sidewalk of the neighboring building at 240 E 41st Street New York, New York. Danella did not open the sidewalk corresponding to Plaintiff's half flag, nor did Danella perform asphalt restoration on the sidewalk of the building located at 240 E 41st Street New York, New York.
>
> Danella was not instructed by Con Edison to perform any work at 240 E 41st Street, New York, New York, and Danella was not presented with a permit to cut and restore the sidewalk at 240 E 41st Street, New York, New York.
>
> Also, Danella was not contracted to perform any work or asphalt restoration at 240 E 41st Street, New York, New York and Danella not perform work at the sidewalk at 240 E 41st Street, New York, New York, where Plaintiff claims to have been injured. Furthermore, Danella's work at the Project was completed 3 years before Plaintiff's accident and Danella's work could not have and did not cause any changes or any aggravation of the condition of the flag that Plaintiff's claims to have caused his accident.

I conducted a Google Maps search regarding the incident location where the Plaintiff allegedly was injured before and after Danella completed the pavement on the sidewalk belonging to the building located at 240 E 41st Street, New York, New York. The search reveled that Plaintiff's alleged defective and depressed half flag corresponding to the building at 240 E 41st Street, New York, New York, existed before and after Danella's completion of the project at the premises 222 E 41 Street, New York, New York in October 2017

…

During the work at the project in 2017, Danella did not perform any work at the flag where Plaintiff allegedly was injured.

Notably, Danella was not involved in any subsequent job for steam repairs or pavement work at 222 E 41st Street or 240 E 41st Street, New York, New York after the completion of the Project in the fall of 2017 – 3 years before Plaintiff's alleged incident. Also, Danella did not hire any subcontractors for pavement of the sidewalk at 222 E 41st Street or 240 E 41st Street, New York, New York and did not set up any work site on these premises after the Project's completion in 2017.

Additionally, Danella does not own, nor did it undertake any duty to maintain, direct, control or manage the sidewalk at the premises where Plaintiff was allegedly caused to sustain injuries.

(NYSCEF Doc. No. 16 [Agro Aff. at ¶¶4, 7-8, 10-13, 17-19]).

Defendant argues that the foregoing establishes that it owes no duty to plaintiff and, in any event, did not create or exacerbate the hazardous condition at issue (NYSCEF Doc. No. 6 [Affirm. at ¶ 52]). Plaintiff opposes the motion and cross-moves to consolidate this action with another action he previously commenced in New York State Supreme Court, New York County, Mark Haut v Consolidated Edison Company of New York, Inc. et al under index number 153071/2021.

## DISCUSSION

The branch of Danella's motion to dismiss the complaint pursuant to CPLR 3211(a)(7) is denied. On a motion to dismiss under CPLR 3211(a)(7), the pleading is afforded a liberal construction and the court must accept as true the facts alleged in the complaint, accord the pleading the benefit of every reasonable inference, and only determine whether the facts, as

154884/2023   HAUT, MARK vs. DANELLA CONSTRUCTION OF NY, INC. ET AL          Page 3 of 6
Motion No.  001

3 of 6

[* 3]

alleged, fit within any cognizable legal theory (See Leon v Martinez, 84 NY2d 83 [1994]). Here, plaintiff's allegations that Danella created a dangerous condition when it performed work in the vicinity of plaintiff's fall sets forth a cause of action for negligence (See e.g., Espinal v Melville Snow Contractors, Inc., 98 NY2d 136 [2002] [a party who enters into a contract to render services assumes a duty of care to third persons where the contracting party, in failing to exercise reasonable care in the performance of his duties, launches a force or instrument of harm]).

The branch of Danella's motion to dismiss the complaint pursuant to CPLR 3211(a)(1) is also denied.[1] Dismissal under this statute is "warranted only if the documentary evidence submitted utterly refutes plaintiffs factual allegations and conclusively establishes a defense to the asserted claims as a matter of law" (Amsterdam Hosp. Group, LLC v Marshall-Alan Assoc., Inc., 120 AD3d 431 [1st Dept 2014] [internal citations and quotations omitted]). Here, Agro's affidavit does not "constitute documentary evidence within the meaning of the statute" (See Art and Fashion Group Corp. v Cyclops Production, Inc., 120 AD3d 436, 438 [1st Dept 2014] [internal citations omitted]). Moreover, even accepting the authenticity of the Google Maps images referenced by Agro (See CPLR 4532-b), they do not so clearly depict the sidewalk flag at issue that they "utterly refute the plaintiff's factual allegations, or conclusively establish" Danella's asserted defense that the condition in question existed in the same form prior to its work (Antebi v 1835 JRA, LLC, 40 Misc 3d 1203(A) [Sup Ct, Kings County 2013]). Accordingly, Danella's motion is denied in its entirety.

Plaintiff's cross-motion to consolidate this action with Mark Haut v Consolidated Edison Company of New York, Inc. et al, index number 153071/2021, is granted. "Consolidation is

---

[1] To the extent defendant seeks to have this branch of its motion treated as one for summary judgment, the Court declines to do so—the record does not establish that the parties "deliberately chart [ed] a summary judgment course"(Wadiak v Pond Mgt., LLC, 101 AD3d 474, 475 [1st Dept 2012] [internal citations omitted]).

**154884/2023   HAUT, MARK vs. DANELLA CONSTRUCTION OF NY, INC. ET AL** Page 4 of 6
**Motion No.  001**

generally favored in the interest of judicial economy and ease of decision making where there are common questions of law and fact, unless the party opposing demonstrates that consolidation will prejudice a substantial right" (Liz v 158-160 Vermilyea, LLC, 58 Misc 3d 1205(A) [Sup Ct, NY County 2018] [internal citations and quotations omitted]). These actions present common questions of law and fact, as both arise from plaintiff's trip and fall on August 30, 2020, and Danella has not established that any prejudice will result from consolidation. As the City of New York will be represented by Corporation Counsel in the consolidated action, the Court consolidates this action within Mark Haut v Consolidated Edison Company of New York, Inc. et al pending in New York State Supreme Court, New York County under index number 153071/2021, which is already in the inventory of a City Part.

Accordingly, it is

**ORDERED** that Danella Construction of NY's motion to dismiss this action is denied; and it is further

**ORDERED** that plaintiff's motion is granted, and the above-captioned action shall be consolidated with Mark Haut v. Consolidated Edison Company of New York, Inc. et al pending in New York State Supreme Court, New York County under index number 153071/2021; and it is further

**ORDERED** that the consolidation shall take place under Index Number 153071/2021 and the consolidated action shall bear the following caption:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
MARK HAUT,                                          Index No.: 153071/2021

                        Plaintiff,

                -against-

CONSOLIDATED EDISON COMPANY

[* 5]

OF NEW YORK, INC., ZWW VANDERBILT ASSOCIATES,
JOHN DOE (name being fictitious) as General Partner of
ZWW VANDERBILT ASSOCIATES,
THE BOARD OF MANAGERS OF THE
VANDERBILT CONDOMINIUM, ALLIED PARTNERS
RESIDENTIAL MANAGEMENT LLC,
ROSE TERRA MANAGEMENT,
ROSE ASSOCIATES, INC.,
STANKEN FINANCING LLC,
WELLS REIT II - 222 EAST 41ST STREET, LLC,
NEW YORK UNIVERSITY,
THE CITY OF NEW YORK,
NEW YORK CITY DEPARTMENT OF
ENVIRONMENTAL PROTECTION,
DANELLA CONSTRUCTION OF NY, INC., and
MONTAUK SERVICES, INC.

                                    Defendants.
-----------------------------------------------------------------------------X

and it is further

       **ORDERED** that within twenty days of the date of this decision and order, plaintiff shall serve a copy of this decision and order with notice of its entry upon all parties, the Clerk of the Court (80 Centre St., Room 308), and the Clerk of the General Clerk's Office (60 Centre St., Rm. 119) in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases*.

       This constitutes the decision and order of the Court.

| **6/18/2024** | | | | |
|---|---|---|---|---|
| **DATE** | | | HON. JUDY H. KIM, J.S.C. | |
| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

154884/2023   HAUT, MARK vs. DANELLA CONSTRUCTION OF NY, INC. ET AL   Page 6 of 6
Motion No.  001

6 of 6