Juman v Cape Church Assoc., LLC (2024 NY Slip Op 05281)

Juman v Cape Church Assoc., LLC

2024 NY Slip Op 05281

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Oing, J.P., Singh, Gesmer, González, Pitt-Burke, JJ. 

Index No. 153080/23 595618/23 Appeal No. 2877 Case No. 2024-01853 

[*1]Eujames Juman, Plaintiff-Respondent,
v
Cape Church Associates, LLC, et al., Defendants, Ice Electric Inc., Defendant-Appellant. [And A Third-Party Action] 

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for appellant.
Law Offices of Michael S. Lamonsoff, New York (Anthony Mangona of counsel), for respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered February 5, 2024, which, to the extent appealed from as limited by the briefs, denied defendant Ice Electric Inc.'s motion to dismiss the complaint and all cross-claims against it pursuant to CPLR 3211(a)(1), unanimously affirmed, without costs.
The complaint alleges that plaintiff, while working for a plumbing contractor on a construction site, fell and was injured after being electrocuted during the performance of his work. Plaintiff alleges that his injuries were proximately caused by the negligence of the named defendants, including defendant Ice Electric. Ice Electric moved to dismiss, claiming that it had nothing to do with the construction project and was mistakenly named as a defendant in this action.
The affidavit submitted by Ice Electric in support of its motion has no probative value, as factual affidavits do not constitute documentary evidence within the meaning of CPLR 3211(a)(1) (see Art & Fashion Group Corp. v Cyclops Prod., Inc., 120 AD3d 436, 438 [1st Dept 2014]). Moreover, the affiant offered no basis to find that she had personal knowledge of the facts stated therein (see e.g. Muslar v Hall, 214 AD3d 77, 81 [1st Dept 2023]).
In any event, the affidavit does not utterly refute the allegations in the complaint that Ice Electric performed negligent work on the project (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). The affidavit, together with Ice Electric's downloaded copies of internet documents that reflected that it was a licensed electrical business in Suffolk County, along with copies of work permits issued to another entity by the New York City Department of Buildings, do not utterly refute that Ice Electric performed electrical work on the project.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024